SCOTTISH UNION AND NATIONAL INSURANCE COMPANY V.
JAS. B. MOORE.

Decided June 8, 1904.

1.—Insurance—Proof of Loss.

A denial by the insurer of liability on a fire insurance policy dispenses with the necessity of furnishing proofs of loss as required by its terms.

2.—Insurance—Iron Safe Clause—Substantial Compliance.

A substantial compliance with the clause of a fire insurance policy requiring insured to keep and furnish the insurer with books of his mercantile business is made where an inventory is taken during the term of the policy and accounts of sales thereafter are kept and furnished.

Appeal from the County Court of Milam. Tried below before Hon. R. B. Pool.

*Crane & Wharton,* for appellant.

*Moore, Hearrell & Moore,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—This is a suit brought by appellee against the appellant upon a fire insurance policy executed by appellant in favor of one Machann, and transferred by him to one Winfrey and by Winfrey to R. Thomas, and by the said Thomas to appellee after the loss.

The trial in the court below resulted in a verdict and judgment for appellee for $500, the full amount of the policy, with interest thereon at 6 per cent from November 30, 1902.

Appellant in its answer pleaded specially certain provisions of the policy sued upon, requiring the insured to file proofs of loss, and to keep books as required by what is usually termed "the iron safe clause."

Appellant's second assignment of error complains of the action of the court in not directing a verdict for the defendant, upon the ground that the undisputed testimony shows that the insured failed to file any proofs of loss, and that the filing thereof was not waived. We are of the opinion that the testimony in the record tends to show that appellant denied its liability upon the policy, and thus waived the proof of loss required by the policy. East Texas Fire Ins. Co. v. Brown, 82 Texas, 631; Mutual Ins. Co. v. Mattingly, 77 Texas, 162.

Appellant's fourth assignment of error complains of the failure of the court to instruct the jury to return a verdict for the defendant, because the undisputed testimony shows that there was a failure on the part of the insured to keep the books required by the iron safe clause. And in its fifth assignment of error it complains of the failure of the court to instruct a verdict for the defendant, because the undisputed testimony shows that there was a breach of the iron safe clause in failing to keep the books as required, giving a complete record of all the purchases, sales and shipments, both for cash and credit; and because there

was a failure to produce the inventory taken July 12, 1902. A substantial compliance with the provision of the policy requiring books to be kept is held by the authorities to be sufficient. It appears from the testimony in the record that the policy sued upon was on the 15th of September, 1902, transferred to R. Thomas, with the consent of appellant, and an inventory of the property insured made on that date, and the books showing all sales, both cash and credit, from that date to the time of the fire were produced and tendered to the appellant on the day after the fire. We think the making and preserving this inventory and the keeping and preserving said book, showing all the sales from the date of said inventory to the date of the fire, constituted a substantial compliance with the iron safe clause contained in the policy. North B. Ins. Co. v. Gunter, 12 Texas Civ. App., 598; Brown v. Palatine Ins. Co., 89 Texas, 590, 35 S. W. Rep., 1060.

We are of opinion there was no error in the action of the court complained of in appellant's fourth and fifth assignments of error.

There being no reversible error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*