OKLAHOMA FIRE INS. CO. v. McKEY.

(Court of Civil Appeals of Texas. Dallas. Nov. 30, 1912. Rehearing Denied Jan. 4, 1913.)

1. INSURANCE (§ 623*) — FIRE INSURANCE — WAIVER OF STIPULATIONS.

An insurer, who denies liability under a fire policy, thereby waives the stipulation therein that any loss shall not be payable until 60 days after receipt of proofs of loss, and cannot claim that because of such stipulation a suit brought within that time is premature.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1551–1553; Dec. Dig. § 623.*]

2. INSURANCE (§ 389*) — FIRE INSURANCE — WAIVER OF STIPULATIONS.

Where insurer, when issuing a fire policy stipulating that it should be void if insured should keep gasoline on the premises, knew that gasoline was kept on the premises and used by insured in his business, the keeping

of gasoline on the premises did not invalidate the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1028–1031; Dec. Dig. § 389.*]

3. INSURANCE (§ 163*) — FIRE INSURANCE — PROPERTY COVERED—"MERCHANDISE."

A fire- policy "on 'merchandise,' consisting principally of clothing made and in process of making and materials for same," covers the stock in trade and all articles necessarily or conveniently used in the business,· and embraces tools and implements of the business as conducted by insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 339–346; Dec. Dig. § 163.*

For other definitions, see Words and Phrases, vol. 5, pp. 4478–4482; vol. 8, p. 7721.]

Appeal from Dallas County ·Court; W. F. Whitehurst, Judge.

Action by N. K. McKey against the Oklahoma Fire Insurance Company. From a judgment for plaintiff, defendant appeals. Conditionally reversed and remanded.

Thomas & Rhea, of Dallas, for appellant. Terrell & Dannelley, of Dallas, for appellee.

RAINEY, C. J.  This suit was brought by appellee against appellant on a fire insurance policy for $500, covering certain merchandise destroyed by fire. Defendant filed a special exception, alleging that the suit was prematurely brought, which was overruled, pleaded general denial, and specially violation of the terms of the policy, as follows: (a) Failure to file proofs of loss; (b) provision of policy that loss was not payable for 60 days after filing of proofs of loss; (c) sale of an interest in the property by assured subsequent to the issuance of the policy without any knowledge or consent of appellant; (d) breach of iron-safe clause; (e) keeping gasoline on premises without permit. A trial resulted in a verdict and judgment in favor of plaintiff, and the insurance company appeals.

[1] There was no error in overruling defendant's special exception, although the policy provides that any loss shall not be payable until 60 days after receipt by the company of satisfactory proof of loss made and filed with the company. Defendant waived this provision of the policy by denying its liability on the policy. Insurance Co. v. Hillbrant, 73 S. W. 558.

[2] The evidence shows that appellee used gasoline in conducting his business, and the keeping of such gasoline in quantities necessary for that purpose was not a violation of the terms of the policy prohibiting the keeping of gasoline, as the company must have known of the use of gasoline in conducting the business. Insurance Co. v. Chancey, 127 S. W. 577; Insurance Co. v. Dobbins, 114 Tenn. 227, 86 S. W. 383.

[3] The court charged the jury that "by the term 'merchandise, consisting principally of clothing made and in the process of making and materials for same,' etc., as expressed in said policy, embraces all the goods, wares, and merchandise on hand, all the tools, apparatus, and implements of the business as conducted by plaintiff at the time of said fire." The proposition is that the court erred in that portion of its charge which told the jury that the policy covered "all the tools, apparatus, and implements of the business as conducted by plaintiff at the time of said fire." The policy reads: "$500.00 on merchandise, consisting principally of clothing made and in the process of making and materials for same, his own or held in trust by him or on commission and for which he may be legally liable." From this language we think it can be legitimately inferred that the insurance company was insuring the business or stock in trade in which the appellee was then engaged, and the term "merchandise" was sufficient to cover all articles which were necessarily or conveniently used in such business. "An insurance company is presumed to know and to contract with reference to the usages of trade, and when it insures a stock of merchandise of a designated line of trade, or a business of a certain kind, its policy covers all goods usually carried in that trade and all articles which are necessarily or conveniently used in the business, though not specifically mentioned." 13 Am. & Eng. Ency. Law, p. 112, § bb et seq.

Appellant complains that the amount of the judgment is in excess of the value of the property destroyed, as shown by the evidence. We think this complaint is well founded. Plaintiff's testimony only shows value of the property lost to be about $242.75, and a recovery above that amount ought not to be sustained.

Affirmed, if appellee remits, within 10 days, all but $242.75; otherwise, the judgment will be reversed, and cause remanded.