ROYAL CASUALTY CO. v. NELSON et al.

(Court of Civil Appeals of Texas. San Antonio. Jan. 22, 1913. Rehearing Denied Feb. 19, 1913.)

1. INSURANCE (§ 539*)—CASUALTY INSURANCE —VALIDITY OF POLICY—PROVISION FOR NOTICE.

Under Rev. St. 1895, art. 3379, as amended by Acts 1907, c. 129, § 1, providing that a stipulation in a contract requiring notice to be given of any claim of damages which fixes the time within which it shall be given at less than 90 days shall be void, a provision of a casualty policy requiring notice of the injury to be given within 10 days would be void; Rev. Civ. St. 1911, art. 4733, providing that the general laws relating to corporations shall apply to accident insurance companies so far as pertinent and not conflicting with that act.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1328–1336; Dec. Dig. § 539.*]

2. INSURANCE (§ 538*)—ACCIDENT INSURANCE. —NOTICE OF INJURY.

Under Rev. St. 1895, art. 3379, as amended by Acts 1907, c. 129, § 1, providing that a notice of claim for damages required by contract may be given to the nearest or other convenient local agent of the company requiring the same, notice of injury given to the local agent of a casualty company was sufficient.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1327; Dec. Dig. § 538.*]

3. APPEAL AND ERROR (§ 548*)—BILL OF EXCEPTIONS—ADMISSION OF EVIDENCE.

An objection to the admission of evidence not supported by a bill of exceptions cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

4. INSURANCE (§ 665*)—ACCIDENT INSURANCE —SUFFICIENCY OF EVIDENCE.

Evidence, in an action on a casualty insurance policy, *held* to sustain a finding that decedent died solely as a result of injury received and not from other causes.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1707–1728; Dec. Dig. § 665.*]

5. TRIAL (§ 139*)—JURY QUESTION.

The court may withdraw a question of fact from the jury only when reasonable men fairly exercising their judgment would arrive at the same conclusion.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

6. APPEAL AND ERROR (§§ 994, 995*)—FIND-INGS—CONCLUSIVENESS.

The jury in the trial court are the sole judges of the credibility of witnesses and the weight of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3901–3906, 3907; Dec. Dig. §§ 994, 995.*]

7. INSURANCE (§ 456*)—ACCIDENT INSURANCE—"VISIBLE MARK UPON THE BODY."

The "visible mark upon the body" required by a casualty insurance company need not be a bruise, contusion, laceration, or broken limb, but may be any visible evidence of internal injury or any physical effect observable from an outward indication which reveals an injured condition of the internal organs.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1170; Dec. Dig. § 456.*

For other definitions, see Words and Phrases, vol. 8, pp. 7329, 7330.]

Error to Bexar County Court for Civil Cases; Geo. W. Huntress, Judge.

Action by Rebecca Nelson and another against the Royal Casualty Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

C. A. Keller, of San Antonio, for plaintiff in error. James W. Brown and P. L. Ripley, both of San Antonio, for defendants in error.

TALIAFERRO, J. This is a suit by Rebecca Nelson, joined by her husband, in the county court of Bexar county, to recover $300, alleged to be due her by the Royal Casualty Company by reason of a contract of insurance issued by the defendant to David Nelson, son of plaintiffs. The plaintiffs set out the insurance policy verbatim and alleged that David Nelson had complied with all its terms. They alleged that he was injured while engaged in the pursuit of his usual occupation, on December 27, 1910, and that as a result of such injuries he died January 29, 1911. They further alleged that defendant was duly, and in proper form, notified of the injury to deceased and of his subsequent death, and that by reason thereof the defendant had become liable upon its contract to pay to plaintiff Rebecca Nelson, beneficiary named in said policy, the sum of $300 stipulated in said policy. Defendant interposed a general demurrer and one special exception, and answered by general denial. The court overruled defendant's exception, and, upon the trial, there was a verdict and judgment in favor of plaintiffs for $327.35 and costs.

In its first assignment of error plaintiff in error contends that the court erred in not sustaining its special exception to the defendant in error's petition. This exception is as follows: "This defendant specially excepts to the petition for the reason that under the 'General Agreement' under section 'M' of the policy sued upon herein it is provided that written notice of an injury, fatal or nonfatal, or of any illness for which claim may be made, must be delivered to the company at St. Louis, Mo., within 10 days of date of accident or beginning of illness, and failure on the part of the assured, or of the beneficiary, to deliver such notice within 10 days from the date of injury, beginning of illness or death, shall invalidate all claims under this policy, and furthermore that notice to the agent does not constitute notice to the company."

[1] Section "M" of the policy contract contains the stipulation set out in plaintiff in error's assignment, and, in the absence of statutory control, would prevent a recovery in this case. But the question of notice has been settled adversely to appellant in this state by article 3379, R. S. 1895, as amended by Acts of 1907, p. 241, § 1, which reads as follows: "No stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid, unless such stipulation is reasonable; and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void, and, when any such notice is required, the same may be given to the nearest, or to any other convenient local agent of the company requiring the same." In the case of Maryland Casualty Co. v. Hudgins, 72 S. W. 1047, the court, in discussing the sufficiency of notice in a case very similar to this one, said: "Whatever merit there might be in this contention if the clause of the policy under consideration was valid, we deem it unnecessary to determine. Said clause contravenes the provisions of our statute. Article 3379, Rev. St. * * * The statute prescribing that such stipulation fixing the time within which such notice shall be given at a less period than 90 days shall be void, and the clause in the policy fixing a less period, it must be held that said clause is of no force and effect as to the time fixed therein, and the policy must be construed as though no time was specified. Construing the policy thus, the allegation of waiver by denial of liability was sufficient. * * * It is further urged that this is not such a claim for damages as is contemplated by the statute, and therefore it does not apply. 'Damages are based on the idea of a loss to be compensated, a damage to be made good.' In general, damages are 'that which is given or adjudged to repair a loss.' Mrs. Hudgins sustained loss by the death of her husband. The effect of defendant's contract is to respond in damages in certain contingencies, one of which has transpired. This, we think, brings her claim within the purview of the statute." Rev. St. 1911, art. 4733, provides that the general laws relating to and governing corporations shall apply to and govern accident insurance companies in so far as same are pertinent and not in conflict with that

act. Article 3379 is pertinent to the facts in this case and in no way conflicts with the provisions of title 71, c. 2, R. S. 1911. Upon this authority we hold that the provision in the policy requiring notice of the injury and death within 10 days after the injury or death is void.

[2] Upon the same authority it is also apparent that notice to the local agent of the company was sufficient notice to the company. The first assignment of error is overruled.

[3] Plaintiff in error's second assignment of error cannot be considered. It is an objection to the admission of evidence and is not supported by a bill of exceptions.

[4] The third and fourth assignments of error charge that the court erred in refusing, at its request, to instruct the jury to return a verdict for the defendant upon the ground that the undisputed evidence shows that Dave Nelson did not die solely as a result of any injury received, but in reality his death resulted from other causes. We do not think these assignments of error are well taken. The evidence introduced to show that the injury received by Nelson on December 27, 1910, was the sole cause of his death is meager and unsatisfying; but can it be said that there was no evidence from which such a conclusion could be rationally reached? We think not.

[5] The rule is that when the testimony, as presented, is such that reasonable minds may differ upon its effect, it is for the jury and not the court. "It is only when reasonable men, fairly exercising their judgment, must draw the same conclusion from an admitted state of facts, that it becomes the duty of the court to withdraw a question from the jury." Union P. R. Co. v. Callaghan, 12 U. S. App. 541, 56 Fed. 988, 6 C. C. A. 205. If the testimony as presented by the plaintiffs in this case taken alone was sufficient to cause a reasonable person to believe that Nelson came to his death solely by reason of such injuries, than the question was properly submitted to the jury, no matter how voluminous was the evidence to the contrary.

[6] The jury are the sole judges of the credibility and weight of the evidence. The plaintiffs proved that Dave Nelson was injured while at work December 27, 1909. His injury was so serious that he had to quit work and go home, and so serious that he was never able again to do even light labor. He complained of pains in his breast all the time and constantly spit blood and passed blood in his urine. He stayed around the house, sometimes sitting up and sometimes lying down, until January 25th, when he went to bed and never was able again to get up. He died January 29, 1910. The examination by the undertaker after the man's death revealed an unusual condition of the body. The tissues of the chest, the lungs, and the thoracic cavity were very much con-gested with thick blood. The whole region was much congested by a thick tarry blood which indicated stagnation of the blood as to these parts. This testimony standing alone would very reasonably lead the mind to the conclusion that the injury described caused the man's death. The testimony of the doctors called by the plaintiff in error, it is true, put this question very gravely in issue; but the question before us on these assignments of error is not whether the evidence, as a whole, was convincing, but whether there was a conflict in the evidence which justified its submission to the jury. We believe there was.

The fifth assignment of error is as follows: "Because the court erred in refusing defendant's special charge No. 3, because the policy of insurance upon which this suit was based provided that in the event of injury or loss, fatal or otherwise, of which there shall be no external or visible marks on the body, the limit of the company's liability should be one-fifth of the amount of the insurance; and the undisputed evidence establishes the fact that Dave Nelson had no external or visible marks on the body, and therefore the court should have given said special charge as requested."

[7] But such is not the uncontradicted evidence on the subject. On the contrary, quite the reverse condition exists. The deceased had an abrasion or skinned place on one of his legs, received in the accident. In addition to this, he, from the date of the injury until his death, spat blood and passed blood in his urine. The "visible mark upon the body" required by the policy need not be a bruise, contusion, laceration, or broken limb, but may be any visible evidence of an internal injury. It need not be upon the surface of the body, but might be any physical effect observable from an outward indication which revealed an injured condition of the internal organs of the body. Cooley's Briefs on the Law of Insurance, vol. 4, p. 3184, and cases there cited. The fifth assignment is overruled.

The sixth assignment of error is overruled. There is no evidence in the record which in any way indicates that deceased exposed himself to unnecessary danger. He was a carpenter, engaged in the ordinary occupation of a carpenter.

No error appearing in this case, the judgment of the lower court is affirmed.