## TEXAS STATE MUT. FIRE INS. CO. v. RICHBOURG. (No. 2590.) *

(Court of Civil Appeals of Texas. Texarkana. June 22, 1922. Rehearing Denied July 29, 1922.)

**1. Insurance ⬅⇒334(1)—Breach of condition requiring installation of fire extinguishers held not to preclude recovery on policy, in absence of showing that breach contributed to destruction of property.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4874a, the insured's failure to install fire extinguishers as required by the policy did not preclude recovery on policy, in the absence of a showing that such failure contributed to the destruction of the property.

**2. Insurance ⬅⇒665(3)—Evidence insufficient to prove failure to install fire extinguishers as required by policy contributed to loss.**

In action on fire policy, evidence *held* insufficient to prove that breach of condition requiring installation of fire extinguishers contributed to destruction of the property.

**3. Insurance ⬅⇒646(2)—Burden of proving that breach of condition contributed to destruction of property held on insurer.**

In action on fire policy defended on the ground of breach of condition requiring installation of fire extinguishers, the burden of proving that the breach of the condition of the policy contributed to the destruction of the property was on the insurer under Vernon's Sayles' Ann. Civ. St. 1914, art. 4874a.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Action by R. F. Richbourg against the Texas State Mutual Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The appellant, a mutual fire insurance company, chartered under the laws of this state, issued and delivered a fire insurance policy to appellee insuring against direct loss or damage by fire a ginhouse and machinery. The policy was to the amount of $3,000, and for the term of one year, from noon of October 3, 1919, to noon of October 3, 1920. On the night of January 1, 1920, while the policy was in force, a fire destroyed the buildings and rendered worthless the appliances and equipments except the engine and boiler, which were damaged. The appellee brought suit on the policy for the loss and damages to the insured property. The petition sought, first, to reform the policy as to the amount of the insurance on several items of the property so as to conform to the amounts placed thereon under the original application for the insurance, upon the alleged ground that such amounts truly represented the agreed amounts and that the amounts stated in the policy by mistake erroneously stated amounts different from those agreed upon;

and as so reformed the petition sought by sufficient averments to recover on the policy in such amounts for the loss and damage to the property by the fire.

The appellant answered by general denial, and specially pleaded in avoidance a stipulation rendered the contract of insurance void upon failure to conform to the requirements:

"That the insured shall within five days after the acceptance and retention of the policy place in the gin plant at least three approved mechanical fire extinguishers, two near the gin stand and one near the gin press, and that the workmen will be instructed in their use; and the assured further will within thirty days whitewash the inside of the gin plant, or paint the same inside with fireproof paint, in accordance with the rules promulgated by the state fire insurance commission, a copy of the rules being inclosed with said policy."

The answer further specially pleaded as a defense certain misrepresentations made in the application for obtaining the contract of insurance, and which were material to the risk and induced the issuance of the policy. The misrepresentations alleged were that the cash value of the property was $4,040, and that the gin plant cost $4,490; that 1,000 bales of cotton had been ginned during the preceding season; that the gin was located on appellee's own farm; that the property was unincumbered, and the appellee did not owe anything on the gin plant or the land it was located upon; that the appellee had never been refused insurance upon the property; that immediately after discovering the misrepresentations, the appellant notified the appellee that it refused to be bound by the contract and policy. The appellee by a supplemental petition pleaded general denial and that the matters set up in the answer did not cause nor contribute to cause the fire, and further pleaded estoppel by waiver of the statements and warranty set up as a defense.

The case was submitted to a jury on special issues, and they made the findings: (1) That appellee did not know of the provisions contained in the rider on the policy requiring him to place three approved chemical fire extinguishers in the gin plant and to whitewash the inside of the walls of the gin house; (2) that the appellee did not represent or state that the cash value of the insured property was $4,040, nor that the gin had cost $4,490, nor that appellee did not owe anything on the gin plant or any part thereof; (3) that the damage done to the engine and boiler was $50; (4) that the reasonable cash market value of the other machinery and appurtenances was $3,000; (5) that the appellant waived the breach of warranty respecting the installation of fire extinguishers and whitewashing the walls of the gin plant after knowledge of the breach thereof, and

induced the appellee to believe that the policy was in force and to incur expense in respect to making proofs of loss. In keeping with the jury findings, the court entered judgment in favor of the appellee for $2,750.

As the evidence is conflicting as to whether or not the appellee made the alleged misrepresentation in issue, the findings of the jury will be sustained that the appellee gave the agent truthful and correct information and answers, and did not make the alleged misrepresentations.

Tyler, Hubbard, Monteith & Dougherty, of Belton, and R. M. Smith, of Quitman, for appellant.

Jones & Jones, of Mineola, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] The principal question in the appeal is that of whether or not the policy of insurance was avoided. There was sufficient evidence, and of a substantial kind, to carry the issue to the jury concerning the alleged misrepresentations of appellee. In view of the jury findings, the policy was not avoided by reason of misrepresentations on the part of the appellee. While the appellee, under the evidence in this case, would, as a matter of law, be held to have known of the terms of the stipulation appearing in the rider (Morrison v. Ins. Co., 69 Tex. 353, 6 S. W. 605, 5 Am. St. Rep. 63), nevertheless it is believed that the trial court did not err in holding, as involved in the judgment, that the policy is not void under the terms of the said stipulation on account of the breach thereof. The terms of the stipulation are that "This policy," meaning the entire policy, "shall be null and void and of no force or effect upon the insured's failing to conform to the above requirements." The "above requirements" were that three fire extinguishers should be placed in the gin plant, and the inside walls of the ginhouse should be whitewashed or painted. The statute expressly provides that a breach of any condition or provision of a fire insurance policy upon personal property shall not render void the policy, unless such breach contributed to bring about the destruction of the property. Article 4874a, Vernon's Sayles' Ann. Civ. St. 1914. There is no evidence showing that at the time of the fire and loss the breach of the stipulation contributed in any way to the destruction of the property. The only evidence pertaining to the fire is that of the witness Mayfield, who testified as follows:

"I was living about 150 yards, right close, from the gin. Nobody was living in any house closer to the gin than the house in which I was living at the time of the fire. The gin burned at night. When I discovered the fire, the gin building was just about burned down. I looked at the clock when I saw the blaze, and it seems to me now that it was 12 o'clock. Seeing the blaze was what first attracted my attention to the fire. There was not anybody out there at the time."

[3] That the breach of the condition or provision relied on contributed to bring about the loss of the property is a defense to be pleaded by the insurer, and the burden of proof of the defense was upon appellant. The burden of proof is not sufficiently discharged or met in the evidence. Ins. Co. v. Harris, 26 Tex. Civ. App. 537, 64 S. W. 867; Ins. Co. v. Catchings, 104 Ala. 176, 16 South. 46. The breach of the stipulation not being shown in point of fact to have contributed to the loss of the property, the policy of insurance would not, under the statute, be avoided as to the personal property insured; and consequently, as the contract of insurance is an entire contract, the breach of the stipulation, in virtue of its terms, would not avoid the entire policy as to all of the insured property. Bills v. Hibernia Ins. Co., 87 Tex. 547, 29 S. W. 1063, 29 L. R. A. 706, 47 Am. St. Rep. 121; Mecca Fire Ins. Co. v. Coghlan (Tex Civ. App.) 134 S. W. 267.

We have considered each assignment of error, and conclude that each of them should be overruled upon the ground that no reversible error exists.

The judgment is affirmed.