## SPRINGFIELD FIRE & MARINE INS. CO. v. WHISENANT. (No. 869.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 28, 1922. Rehearing Denied Dec. 13, 1922.)

**1. Insurance ⚌274—Error in policy describing house where insured goods located held not to avoid payment of loss by insured.**

Where a fire insurance policy covered personal property situated in a frame house, but by error the agent wrote "brick" instead of "frame" in the policy, and the evidence showed that the goods were not removed from the house from the time the policy was issued until destroyed by fire, and that there was in fact no brick house such as described in the policy, there was no such breach of warranties or provisions of the policy as to avoid payment of the loss by insurer.

**2. Insurance ⚌646(2)—Burden on insurer to plead and prove that breach of warranties of policy contributed to destruction of insured property.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4874a, the burden is on insurer to plead and prove that, if there was a breach in the warranties or provisions of an insurance policy, such breach contributed to the destruction of the insured property.

**3. Insurance ⚌558(4)—Ignoring request of insured for proof of loss blanks by insurer held denial of liability relieving insured from such proof.**

Where insured, immediately after destruction of insured personal property by fire, requested of insurer's local agent blanks upon which to make proof of loss, and was informed by the agent that he had no such blanks, but would and did request blanks from insurer, and was informed that the loss would be handled through another office, and the insured, after again requesting of the agent such blanks without success, made and delivered to insurer a list of the property destroyed, itemized and separately valued, within 60 days before filing suit on the policy, having never at any time received from insurer any letter or other communication, the conduct of insurer was tantamount to a denial of liability, and relieved plaintiff from the necessity of making proof.

**4. Insurance ⚌558(4)—Failure of insurer to furnish proof of loss blanks to insured after repeated requests held waiver of requirement.**

The failure of insurer to furnish to insured blanks for making proof of loss under fire insurance policy, after repeated requests, was a waiver of the provisions of the policy requiring such proof.

**5. Appeal and error ⚌547(2)—Failure of court to file requested findings of fact and conclusions of law within statutory time waived, where no exception taken.**

Any objection to the failure of the court to file requested findings of fact and conclusions of law within 10 days after adjournment, as required by Rev. St. art. 2075, was waived by failure of complaining party to take exception to the action of the court.

**6. Appeal and error ⚌1071(1)—Failure by court to file requested findings of fact and conclusions of law within statutory time cured by tardy compliance, where considered in brief of appellant.**

The failure of the court to file requested findings of fact and conclusions of law within 10 days after adjournment held not prejudicial to appellant, where court subsequently filed such findings and conclusions, to which appellant in its brief frequently alluded, and against which numerous assignments were made.

**7. Continuance ⚌22—Refusal of application for continuance for absent witnesses held not abuse of discretion.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1918, the refusal of an application for a continuance for absent witnesses, which did not state the materiality of the testimony sought, nor what diligence had been used to procure attendance, was not an abuse of the sound discretion of the court, to which it, not being statutory, was addressed.

**8. Appeal and error ⚌1071(1)—Failure or refusal of trial judge to prepare and file findings of fact and conclusions of law not always cured by proper statement of facts accompanying record on appeal.**

It is not the law that, in all cases where a proper statement of facts accompanies the record on appeal, the refusal or failure of the trial judge to prepare and file findings of fact and conclusions of law does not constitute reversible error, but the true rule is that, where the trial court fails or declines to prepare and file findings of fact and conclusions of law upon request of a party litigant, timely made, as required by Rev. St. art. 2075, and such failure or refusal is shown in the record on appeal by proper bill of exceptions, then such failure or refusal constitutes reversible error, in the absence of a proper statement of facts showing that appellant was not prejudiced by the failure or refusal of the trial judge to file such findings and conclusions.

Appeal from Angelina County Court; Jno. F. Robinson, Judge.

Suit by S. J. Whisenant against the Springfield Fire & Marine Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

E. J. Conn and John S. Redditt, both of Lufkin, for appellee.

O'QUINN, J. Suit by appellee against appellant on an insurance policy. Tried before the court without a jury. Judgment for appellee, and appellant brings error.

Appellant first complains that the "court should have rendered judgment for it since

the undisputed evidence showed that the property described in the policy sued on was destroyed while at a different location from that set out in the policy." This contention grows out of the fact that the policy sued on shows the property insured to be "household furniture * * * contained in the one-story shingle roof brick dwelling occupied by owner with another family situated * * * east side of H. C. & W. T. Railroad in Davisville, Texas," while the proof showed that the property destroyed was household furniture contained in a "four-room bungalow frame building, situated about one-half mile from Davisville, on the east side of the H. E. & W. T. Railroad."

The record discloses that appellee did not himself procure the policy, but that J. H. Clayton, who resided at Davisville, at the written request of appellee, and who furnished said Clayton with a written list of the property to be insured, took the list to the local agent of appellant, described the premises to the agent, procured the policy, and paid the premium for same. Clayton testified that he did not tell the agent that the property was situated in a brick dwelling, but that he was positive that he told the agent that it was in a frame dwelling. Appellee testified that the furniture, at the time it was insured, was in his residence, and remained there until it was destroyed by fire, and that it was not at any time in a brick house, and that there was no brick house on the east side of the H. E. & W. T. Railroad at Davisville. Appellant, in its answer, alleged that if appellee held any policy covering any household goods, the said goods were insured while contained in a certain one-story brick dwelling situated on the east side of the H. E. & W. T. Railroad at Davisville, Tex., and that appellee had not suffered any loss or damage to household goods while situated in such brick building. Appellee replied by supplemental petition, by general denial, and specially pleaded, in effect, article 4874a, Vernon's Sayles' Civil Statutes.

[1, 2] It is undisputed that the property insured by the policy in question was the property destroyed. It is also undisputed that the property, at the time it was insured, was situated in the same house in which it was burned. It is therefore apparent that appellant's agent, in filling in the blank policy, inadvertently wrote the word "brick" instead of "frame," because the facts all show that no such brick house was at Davisville, and that appellee's dwelling was a frame house situated east of the railroad mentioned at Davisville. It could not have been to the interest of appellee or his representative, Mr. Clayton, to have misrepresented the fact as to the nature of the house in which the property was situated to appellant's agent, and no motive for any such false statement appears. It is undisputed that the household furniture was at no time moved out of the house in which it was situated at the time of the issuance of the policy, nor is there any dispute as to its destruction or value. But, if there was a misdescription of the house in which the property insured was located, under all the facts, we do not believe that such breach of any of the warranties or provisions of the policy contributed to bring about the loss of the property. The burden was upon appellant to plead and prove that if there was any such breach of the warranties or provisions of the policy, as contended, that same contributed to the destruction of the property. Article 4874a, Vernon's Sayles' Civil Statutes; Texas Mutual Fire Ins. Co. v. Richbourg (Tex. Civ. App.) 243 S. W. 590; Westchester Fire Ins. Co. v. Rean (Tex. Civ. App.) 215 S. W. 985; Standard Fire Ins. Co. v. Buckingham (Tex. Civ. App.) 211 S. W. 531. Appellant relies upon the case of British-American Assurance Co. v. Miller, 91 Tex. 414, 44 S. W. 60, 39 L. R. A. 545, 66 Am. St. Rep. 901, to sustain its contention. That case held that where a policy covered personal property situated in one house, and the articles were destroyed while situated in another and different house, recovery could not be had. That decision was rendered January 27, 1898, while the law invoked by appellant (article 4874a, supra) was passed in 1913, long after said decision had been rendered. The assignment is overruled.

[3, 4] Appellant insists that the court erred in rendering judgment for appellee, in that appellee failed to make proper proof of loss as was required by the policy. The assignment is overruled. The undisputed evidence shows that immediately after the fire, appellee went to the local agent of appellant and informed him of the loss, and requested a blank for the purpose of making proof; that said agent told appellee that he, the agent, did not have a blank on hand, but that he would write for some, and did then and there dictate a letter to an adjuster to send him a blank form for making proof; that Whisenant, appellee, was willing to make proof; that said agent received a letter from the Dallas office of appellant, advising that the Whisenant loss would be handled through the Dallas office; that appellee again called upon appellant's agent, and requested a blank form for making proof, but same was not furnished him, nor is there anything in the record to show why same was not done. Later, appellee made out a list of the property destroyed, itemized and separately valued, duly verified by his oath, and delivered same to appellant more than 60 days before the filing of this suit. It is further shown that appellee never at any time received any letter or communication from appellant. Under the circumstances, we think the conduct of appellant was tantamount to a denial of

liability, and thus relieved appellee of the necessity of making proof. Ins. Co. v. Evans (Tex. Civ. App.) 214 S. W. 599; Ins. Co. v. Mattingly, 77 Tex. 162, 13 S. W. 1016; Ins. Co. v. Huff (Tex. Civ. App.) 175 S. W. 467; Ins. Co. v. Moore, 36 Tex. Civ. App. 312, 81 S. W. 573. In any event, we think that appellant's failure to furnish blanks for making proof, when repeatedly requested, was a waiver of the provision of the policy requiring such proof of loss. Ins. Co. v. Evans, supra.

[5, 6] Appellant alleges error in that it seasonably made request of the trial court to file his conclusions of fact and law, which the court failed to do within the time required by law, and insists that the case should be reversed for this reason. Judgment was rendered November 26, 1921. Request for findings of fact and conclusions of law was filed November 26, 1921. The term of the court at which the case was tried adjourned December 31, 1921. The conclusions of fact and law were filed February 1, 1922. Thus, it is seen that the findings of fact and conclusions of law were not filed within 10 days after the adjournment of court, as required by article 2075, R. S. It is the general rule that, where there is no statement of facts contained in the record, the failure of the judge before whom the case is tried without a jury to file his findings of fact and conclusions of law, when seasonably requested, will constitute reversible error. But it is equally as well settled that any error on the part of the court, by reason of such failure, is cured by the presence in the record of a full statement of facts agreed to and signed by the attorneys and approved by the court. Emery v. Barfield (Tex. Civ. App.) 156 S. W. 311; Barfield v. Emery, 107 Tex. 306, 177 Pac. 952; Railway v. Diaz (Tex. Civ. App.) 156 S. W. 907; Harlan v. Falfurrias Mercantile Co. (Tex. Civ. App.) 214 S. W. 652; Umschied v. Scholz, 84 Tex. 265, 16 S. W. 1065; Johnson v. Frost (Tex. Civ. App.) 229 S. W. 562; Gerhart v. Moore (Tex. Civ. App.) 229 S. W. 876. The record contains a full and complete agreed statement of facts, signed by the attorneys and approved by the court. The evidence, as disclosed by same, is without dispute, and, we think, under same, no other judgment than that rendered by the court could have been rendered. Furthermore, the court did file findings of fact and conclusions of law, though not within the time prescribed by law, *but appellant took no bill of exception to the action of the court,* and hence its objection thereto must be considered as waived. Cotulla v. Goggan Bros., 77 Tex. 32, 13 S. W. 742; Landa v. Heermann, 85 Tex. 1, 19 S. W. 885; Kennedy v. Kennedy (Tex. Civ. App.) 210 S. W. 581 (writ denied). Besides, the court filed his findings of fact and conclusions of law on February 9, 1922, and

appellant's brief was not filed in this court until September 8, 1922, to which said findings of fact and conclusions of law appellant, in its brief, frequently alludes, and against which numerous assignments are made, it thus appearing that *no injury was done to appellant in its preparation and presentation of this cause on appeal.*

[7] Appellant complains that the court erred in not granting its application for a continuance. No error is shown. The application was not sufficient, in that it did not state the materiality of the testimony sought, nor what was expected to be proved by the absent witness, nor did it state what diligence had been used to procure his attendance. The application, not being statutory, was addressed to the discretion of the court, and, in view of the record, we do not think the court abused its discretion in refusing same. Article 1918, Vernon's Sayles' Civil Statutes.

Appellant presents a number of assignments against the findings of fact and conclusions of law filed by the court as not being supported by the evidence, but we do not believe that any of them are well taken, and they are all overruled.

The record fully supporting the judgment, the same is affirmed.

HIGHTOWER, C. J., and WALKER, J. [8] We concur in the judgment of affirmance in this case. But if the language of Judge O'QUINN, in disposing of the contention that the judgment should be reversed because of the failure of the trial judge to file findings of fact and conclusions of law, should be construed to mean that in all cases where a proper statement of facts accompanies the record on appeal the refusal or failure of the trial judge to prepare and file findings of fact and conclusions of law would not constitute reversible error, we do not concur in such construction. We think that where the trial court fails or declines to prepare and file findings of fact and conclusions of law, upon request of a party litigant, timely made, as required by article 2075, R. S., and such failure or refusal be shown in the record on appeal by proper bill of exception, then such failure or refusal on the part of the trial judge would constitute reversible error, in the absence of a proper statement of facts showing that the appellant was not prejudiced by the failure or refusal of the trial judge to file such findings and conclusions. Of course, where a proper statement of facts accompanies the record on appeal, from which it appears, as here, that there was no dispute or contradiction in the evidence as to the material issues of fact upon which the judgment is based, then it is clear that no prejudice could result to the appellant by reason of the failure or refusal of the trial judge to file separately his findings of fact and conclusions of law, and therefore

the judgment should not be reversed because of such refusal or failure.

With these remarks, we concur in full with Judge O'QUINN in the disposition he has made of this case.