**FIREMAN'S FUND INS. CO. v. GALLOWAY et al. (No. 7474.)**

(Court of Civil Appeals of Texas. San Antonio. Jan. 20, 1926. Rehearing Denied Feb. 17, 1926.)

1. Insurance ⬅➡146(1).

Loss-paying clause of policy containing spaces left blank, so as to be ambiguous and meaningless, may be disregarded.

2. Insurance ⬅➡146(3)—Provision that policy shall be void if any change takes place in note secured by mortgage on insured policy will be strictly construed against insurer drawing policy.

Provision that policy shall be void if any change takes place in note secured by mort-

gage on insured property will be strictly construed against insurer drawing policy.

3. Insurance ⬅➡347—Transfer of note by blank indorsement as collateral security, with right to collect under insurance policy, held not violation of clause prohibiting assignment.

Transfer of note secured by chattel mortgage on car insured against fire, without knowledge of insurer, which transferee took as mere collateral security on car, with right to collect under policy, *held* not violation of clause providing against assignment of policy before loss.

4. Insurance ⬅➡581—Insurer liable to indorsee of note recognized in loss-paying and extension clause of note will not void policy.

Where loss-paying clause in policy is made payable to creditor of assured or order, insurer is liable to indorsee of note, nor will extension of time of payment render policy void.

5. Insurance ⬅➡558(2).

Suit on policy may not be defended for failure of proof of loss, where proof was refused by insurer's local agent.

6. Insurance ⬅➡665(4)—Market value of insured automobile at city is sufficient to support finding as to place and value, though burned on nearby highway.

In action on fire policy, market value of insured automobile at city is sufficient to support finding as to place and value, though burned on nearby highway.

7. Insurance ⬅➡646(8)—Burden is on insurer of automobile to show it could have been repaired, rebuilt, or replaced after fire.

The burden to repair, rebuild, or replace insured automobile, destroyed by fire, is on insurer, if it desires that such be done, and, in action on policy, insurer has burden of showing that such could have been done.

8. Appeal and error ⬅➡1054(3).

Where case is tried before court without jury, admission of irrelevant and immaterial testimony is not ground for reversal, as court can disregard such evidence.

9. Insurance ⬅➡540—Notice of loss of automobile immediately after fire, to local agent, resulting in sending adjuster, held sufficient.

Notice of loss of insured automobile, immediately after fire, to local agent of insurer, whereafter adjuster of company went out to see car where it was burned, and fully identified it, as well as offer of proof of loss to local agent, *held* sufficient notice.

10. Insurance ⬅➡559(1).

Further notice or proof of loss is not necessary after personal inspection and denial of liability by adjuster of insurer.

11. Parties ⬅➡40(6) — Bank, acquiring note recognized in loss-paying clause of policy on automobile, held properly allowed to intervene.

In action on fire policy on automobile, bank, acquiring note indorsed in blank and recognized in loss-paying clause of policy and chattel mort-

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

gage on automobile, regarded as collateral security, *held* properly allowed to intervene.

**12. Insurance 581—Bank, acquiring note recognized in loss-paying clause of fire policy on automobile, is subrogated to right of former holder in proceeds of policy.**

Bank, acquiring note indorsed in blank and recognized in loss-paying clause of fire policy on automobile, *held* to have equitable lien entitling it to be subrogated to rights of former holder of note in proceeds from policy in case of loss by fire.

**13. Insurance 330(2), 343.**

Transfer of note recognized in loss-paying clause of fire policy on automobile *held* not new incumbrance or assignment of policy.

**14. Insurance 347.**

Pledge of policy as collateral for debt is not assignment working forfeiture, without notice to insurer.

Appeal from District Court, Val Verde County; Joseph Jones, Judge.

Action by John R. Galloway, Jr., and others, against the Fireman's Fund Insurance Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Thompson, Knight, Baker & Harris and Pinkney Grissom, all of Dallas, for plaintiff in error.

Phil B. Foster and John J. & Ben F. Foster, all of Del Rio, for defendants in error.

COBBS, J. Plaintiff in error was sued by defendants in error to recover on an automobile insurance policy. The plaintiff below alleged that on June 11, 1923, he was the owner of a Nash automobile, and that the same cost him, with accessories, the sum of $1,935, and that it was reasonably worth that sum of money; that on this date the defendant issued its policy of insurance, in consideration of the premium of $76.37, to plaintiff, insuring him against damage by fire to the amount of $1,230, said policy covering from noon June 11, 1923, to noon of the 11th day of June, 1924; that said policy was duly attached to plaintiff's petition and made a part thereof; that on February 24, 1924, during the life of the said policy of insurance, said automobile was totally destroyed by fire; that the automobile at the time of the fire was reasonably worth the sum of $1,935; that plaintiff performed all of the conditions required of him by the terms of the policy, and on the 24th day of March, 1924, plaintiff gave notice and proof of fire and loss of the automobile and demanded payment under the policy; that thereby the defendant became bound to plaintiff in the sum of $1,230; and that defendant had not paid him the said sum of money, and plaintiff prayed for his recovery in said sum, together with interest and costs and further relief.

The defendant answered by pleas of abatement, stating that the suit was prematurely brought and that no proof of loss was furnished as required by the policy, etc., and specially pleaded that the policy became void, because after its issuance in violation of its terms, the plaintiff mortgaged the same to the Del Rio Bank & Trust Company, which effected a change in the nature of the insurable interest in plaintiff; and was further avoided by being frequently or habitually used as a public delivery conveyance carrying passengers for hire, all of which was done without the insurance company's knowledge or consent. The defendant also pleaded other defenses to avoid the policy, not necessary to mention.

Plaintiff in error has filed 15 lengthy assignments of error, and submitted thereunder 23 propositions of law, calling in question the judgment and rulings of the trial court.

[1] We do not think there is any merit in the proposition that blank spaces were left unfilled in the policies, and particularly so as there was no evidence to show its application to any particular class. All the parties understood to what it referred. The undisputed evidence shows that the purpose of the loss clause attached to the policy was to permit certain mentioned incumbrance, and there was no agreement to render the policy void if the certain indebtedness was not paid within 10 days after its maturity. The data was furnished by the local agent of the company to the company's general agent, who drew the policy as to what it should contain; which agent could have filled in the blanks.

In drawing the policy the blanks were filled in in one clause and left blank in others, rendering that part of the loss-paying clause ambiguous and meaningless. Under such stated conditions it is not error for the court to discard that part of the clause leaving blank spaces, as ambiguous and meaningless, and give effect to those clauses consistent with the evidence where the spaces are filled in.

[2] The provision that the insurance policy shall be void in case that any change takes place in the note representing the indebtedness on the insured property will be most strictly construed against plaintiff in error, who drew it.

[3] The transfer of the note by blank indorsement by Dubus to the Del Rio Bank & Trust Company, without plaintiff in error's knowledge, which bank took it as merely collateral security on the car, with the right to collect under the insurance policy, was not a violation of the clause providing against the assignment of the policy before loss.

It is evident from the testimony, and it was understood, that the policy was to insure an automobile for John R. Galloway,

and the loss to be payable to L. G. Dubus, as his interest may appear, and the company left the spaces in other loss payable clauses blank at the time of delivery of the policy, and it is not shown that the policy was delivered through error before the blank spaces were filled in. The loss form seems to have been prepared for cases in which there was a series of notes, whereas in this case there was but one note. So the proper construction of that policy was made by the trial court that the first payable clause cannot be given effect, because it is ambiguous and meaningless, and has no application to the right of the plaintiff to recover under the policy.

In the case of Hartford Fire Insurance Co. v. Owens (Tex. Civ. App.) 272 S. W. 611 (writ of error refused), it is substantially held:

Article 4892. Vernon's Sayles' Annotated Civil Statutes 1914, "precludes defense to suit on insurance policy that property insured is incumbered by a lien or mortgage, whether breach of condition against such incumbrance contributed to or brought about loss, as required by article 4874A or not."

And also that—

"Provision in a policy against liability for loss or damage to insured automobile, 'while incumbered by any lien or mortgage,' held void under Vernon's Sayles' Ann. Civ. St. 1914, art. 4892, as provision for forfeiture."

It is held in the Scottish Union & National Insurance Co. of Edinburgh v. Andrews & Matthews, 89 S. W. 419, 40 Tex. Civ. App. 184, that—

The "transfer and delivery of the policy to Cooke as collateral to secure the payment of the indebtedness due the bank was not a violation of the clause prohibiting the assignment of the policy before loss. It seems to be well settled that a clause in a policy of insurance which in general terms prohibits its assignment before loss should be construed as only intending to prohibit a complete and absolute divestiture of title by the insured, and not a mere conditional transfer to a creditor, which in effect would only give the creditor a lien upon the proceeds of the policy, in event of loss, to secure his unpaid indebtedness."

The transfer of the policy to secure the bank was made by Dubus without John R. Galloway's knowledge or consent and should not affect his right to recover on the policy. Besides, being a mere transfer of the note, the policy went as collateral security to secure the debt therefor. It was not an assignment of the policy and cannot be considered a violation of the clause prohibiting the assignment of the policy in toto.

[4] When a loss clause is made payable to the creditor of the assured, or order, such a note can be extended without affecting liability, the insurer, already being bound by the note, is bound by all its provisions, and is so liable to an indorsee of the note, and an extension of time of payment of the note will not render the policy void.

By statute, any clause in the policy rendering the policy void in case the property is incumbered by lien or a mortgage is made unlawful and the insurer is precluded from defending on that ground.

[5] Proof of loss was offered and attempted to be delivered to the local agent within the required time, and was refused by plaintiff in error's local agent, and there is no merit in its contention. Besides, plaintiff in error sent the adjuster to the scene of the fire and later wrote the local agent to accept proof of loss, provided insured would take what it would cost in attorney's fees to defend the suit, stating proof of loss blanks would be furnished, which letter was delivered to defendant in error.

[6] We think the testimony was sufficient to show that the car was totally destroyed and its market value at Del Rio, though burned out on the nearby highway, and justified the finding of the court on the issue of place and value.

[7] The burden to repair, rebuild, or replace the automobile is on plaintiff in error, if they desire it done, as they have the option of repairing, replacing, or rebuilding the automobile after the fire, and the burden is on them to show that the car could have been repaired, rebuilt, or replaced.

[8] In regard to the objections urged against the rulings of the court on the admissibility of testimony, etc., it must be remembered that this case was tried before the trial court without a jury, and that the court is able itself to disregard and not consider irrelevant and immaterial testimony.

Defendant in error met the requirements of the policy by ample testimony, and the court found that the actual cash value of the property destroyed was $1,500.

[9, 10] As to notice of loss, immediately after the fire, the next morning, the local agent was notified and the local agent wrote to the company, and something like a month thereafter the adjuster of the company and defendant in error went out to see the car where it was burned, and the car was fully identified by him. The adjuster stated he could not pay him, but would leave it to the company. Proof of loss was then prepared and submitted to the local agent, who declined to receive it, and gave to defendant in error's attorney the letter above referred to, and also wrote a letter to defendant in error's counsel "stating the plaintiff's policy was null and void."

Clearly sufficient notice was given, if any was required under the circumstances of this case. Indeed they made a personal inspection and denied any liability whatever, and hence there was no necessity to give any further notice of loss or furnish

any further proof thereof. Oklahoma Fire Insurance Co. v. McKey (Tex. Civ. App.) 152 S. W. 440; Fire Association of Philadelphia v. Jones (Tex. Civ. App.) 40 S. W. 44; Connecticut Fire Insurance Co. v. Hilbrant (Tex. Civ. App.) 73 S. W. 558; Scottish Union & National Insurance Co. v. Moore, 81 S. W. 573, 36 Tex. Civ. App. 312; Orient Insurance Co. v. Wingfield, 108 S. W. 788, 49 Tex. Civ. App. 202; Sun Mutual Insurance Co. v. Mattingly, 13 S. W. 1016, 77 Tex. 162; Merchants' Insurance Co. of New Orleans v. Nowlin (Tex. Civ. App.) 56 S. W. 198; Delaware Underwriters v. Brock, 211 S. W. 779, 109 Tex. 425; St. Paul Insurance Co. v. Pipkin (Tex. Civ. App.) 207 S. W. 360; Article 5714, Vernon's Sayles' Civil Statutes of Texas; Royal Casualty Co. v. Nelson (Tex. Civ. App.) 153 S. W. 674.

[11] There was no error in permitting the Del Rio Bank & Trust Company to intervene herein. The bank acquired the note by purchase, which note was indorsed in blank, and the chattel mortgage was regarded as collateral security; and the bank "never took any mortgage from Mr. Galloway on this car to the bank—we simply took the note and security as Mr. Dubus had it, and are still carrying it that way."

[12] John Galloway was the only person who could assign the policy. He did not do so, and it was never out of his possession. By the indorsement of the note in blank by Dubus, it was to pass the title to the note to the bank, as the owner of the same in due course of trade, which under the facts created an equitable lien in the bank entitling it to be subrogated to the rights of Dubus in the proceeds from the policy, in case of loss by fire.

[13] These acts constituted no new incumbrance or legal transfer or assignment of the policy as such. In no event would the policy be voided under the existing facts proven, because the Revised Statutes of Texas, art. 4892, stands guard against such technicalities. McPherson v. Camden Fire Ins. Co. (Tex. Com. App.) 222 S. W. 215; Hartford Fire Ins. Co. v. Owens (Tex. Civ. App.) 272 S. W. 611; Whiting v. Burkhardt et al., 60 N. E. 1, 178 Mass. 535, 52 L. R. A. 788, 86 Am. St. Rep. 503.

[14] The pledge of an insurance company's policy as collateral security for a debt does not operate as an assignment of the policy, so as to work a forfeiture, without notice to insurer. Scottish Union, etc., v. Andrews & Matthews et al., 89 S. W. 419, 40 Tex. Civ. App. 184; Cromwell v. Brooklyn Fire Ins. Co., 39 Barb. (N. Y.) 227; Griffey v. New York Central Ins. Co., 3 N. E. 309, 100 N. Y. 417, 53 Am. Rep. 202; Merrill v. Colonial Mut. Fire Ins. Co., 47 N. E. 439, 169 Mass. 10, 61 Am. St. Rep. 268.

From the large record and numerous points raised and presented to the court for solution, we feel that the case was faithfully and fairly tried and justice administered.

Finding no reversible error assigned, the judgment is affirmed.