## McADOW MOTOR CO. v. LUCKETT et al.

No. 3850.

Court of Civil Appeals of Texas. El Paso.
June 29, 1939.

I. C. Underwood, of Marshall, for appellant.

Atchley & Vance and John D. Raffaelli, all of Texarkana, for appellees.

WALTHALL, Justice.

Appellant operated an Oldsmobile Automobile Agency at Marshall, Texas. David Simmons operated the Simmons Motor Company at Atlanta, Texas, handling Oldsmobile cars also. Simmons had need for a specific model and color Oldsmobile automobile and called McAdow over the telephone and asked if he had such car in stock that he would sell. McAdow replied that he had and would sell it for $780. Simmons agreed to buy the car and to send McAdow his check in payment for the car. Simmons signed the check without filling in the amount to be paid for the car and sent one of his employees to Marshall with the check and to get the car. Mr. McAdow or his wife filled in the check the agreed amount of $780. McAdow executed a sales invoice of the car to Simmons and delivered the invoice and the car to Simmons' employee who drove the car to Atlanta. The car was placed in the car show-rooms of Simmons Motor Company at Atlanta. On the following day Simmons sold the car to appellee M. L. Luckett, taking in exchange another car and a down payment of $156, and to secure the balance of the purchase price of the car M. L. Luckett executed his note to Simmons and a chattel mortgage on the car in the sum of $773.82. There was due by Luckett to the Southland Investment Company of Shreveport on the car Luckett traded in to Simmons the sum of $624.95, which amount Simmons assumed as part of the transaction.

The Luckett note and mortgage were transferred to appellee C. E. Sharpe, doing business in Texarkana as Texarkana Finance Company, who duly filed the mortgage for record in Bowie County, where Luckett lived and kept the car.

Upon receiving Simmons' check for the car McAdow immediately deposited it in the First National Bank of Marshall; the check was returned unpaid; the check was re-deposited in the Bank and again returned unpaid. McAdow made several trips to Atlanta to obtain payment of the check.

On February 9, 1938, Simmons Motor Company failed and went out of business.

On February 19, 1938, McAdow Motor Company filed this suit against M. L. Luckett seeking to obtain possession of the Oldsmobile. The sheriff of Bowie County took the car under writ of sequestration, and McAdow took possession under replevy bond.

Luckett answered in the suit, pleaded wrongful sequestration and title to the car; in the alternative pleaded estoppel as to appellant. Sharpe intervened, pleaded that he was an innocent purchaser of the Luckett note to Simmons and mortgage; pleaded estoppel as to appellant.

The Court overruled appellant's motion to strike Sharpe's intervention.

Pending suit proceedings, Simmons failed to pay Southland Investment Company the amount due on Luckett's old car, and Luckett made payment. Thereafter Simmons paid Luckett $100 and retained the old car.

The case was submitted to a jury. In response to issues submitted the jury found:

1. McAdow knew that Simmons was purchasing the car in question for the purpose of selling it to some other person.

2. The question whether McAdow Motor Company, in the exercise of ordinary care, would have known that Simmons Motor Company would sell the car in question to some other person was not answered.

3. The reasonable expense of Luckett for transportation "during the time from the date the car in question was taken from his possession to the date when he obtained possession of his original car from Simmons Motor Company" was $31.50.

4. The reasonable market value of the car in question on the date it was sequestered was $800.

5. Sharpe purchased the note and mortgage on the car from Simmons Motor Company.

6. David Simmons or Simmons Motor Company did not borrow $400 from Sharpe and transfer the Luckett note and mortgage to Sharpe as security for the loan.

7. At the time McAdow Motor Company sold the car in question to Simmons Motor Company, it was not the intention of the parties to the sale that the title to the car was to remain in McAdow Motor Company until the check given in payment was paid.

The Court in the judgment held that the sequestration was wrongfully sued out and that the defendant Luckett has been damaged thereby in the sum of $800 in the value of the car, and in the sum of $31.50 in the loss of its use.

The Court then reviewed in the judgment the facts pertaining to the Lucket note and mortgage held by the intervener Sharpe, and the payments that had matured. The Court rendered judgment that plaintiff (appellant here) take nothing by his suit, and that defendant Luckett recover on his cross action of the plaintiff and his sureties in sequestration the amounts above stated; that should the plaintiff return the car within ten days, uninjured since replevied, the judgment against plaintiff and sureties for the value of the automobile to be discharged, but not the loss for the use of the car, $31.50.

The judgment further provided that the intervener recover of defendant Luckett on the note, stating the amount, and the attorney's fee, stating the amount, and that the mortgage be foreclosed, with a deficiency judgment.

Plaintiff appeals.

## Opinion.

█ We have sufficiently stated the facts at issue in the case and the findings of the jury on the issues submitted, and need not restate the issues in detail. C. E. Sharpe having purchased the note and the mortgage given by M. L. Luckett to Simmons for the Oldsmobile automobile, and the note not having been paid at the time of the suit and sequestration by McAdow, Sharpe had such interest in the subject matter of the suit by the rival claimants for the car as to intervene and show such interest, and the Court was not in error in refusing to strike his intervention. 25 Tex.Jur., pp. 52, 53 and 54, and the cases referred to in the notes.

█ The evidence was such as to justify the trial Court in submitting the issue to the jury as to whether the transaction of the sale of the automobile by McAdow to Simmons was a cash transaction, and the jury having found the facts sufficient to show that the sale of the car was not a sale for cash, and check given in payment for the car accepted without reservation as to title, and the bill of sale therefor having been given and car delivered, the sale, we think, was complete. Continental Bank & Trust Co. v. Hartman, Tex.Civ.App., 129 S.W. 179.

█ Sharpe purchased the Luckett note with the mortgage. We think Sharpe was an innocent purchaser. Parma v. First National Bank of Cameron, Tex.Civ.App., 37 S.W.2d 274; the same case by the Commission of Appeals, 63 S.W.2d 692.

Some of appellant's propositions are presented and discussed on the basis and theory that the sale of the car by McAdow to Simmons was a cash sale, and that the title to the car never passed and that McAdow therefore could recover the car. The jury found contrary to that theory, and we need not discuss those propositions.

Sharpe filed his intervention after the Sheriff had taken possession of the car under the writ of sequestration. Sharpe alleged he owned the Luckett note and mortgage on the car; he pleaded substantially and in detail the above stated facts of the purchase of the car by Luckett from Simmons and the giving of the note and mortgage on the car, and the facts, without stating them here, to the effect that he was a bona fide purchaser of the note and mortgage.

Replying to the plea in intervention appellant denied that Sharpe was the owner of the Luckett note and mortgage; alleged that Luckett was never the owner of the car by reason of the alleged fact that the sale of the car by appellant to Simmons was a cash transaction, and that intervener has failed to comply with the statute in statutory provisions in trial of the right of property.

█ We do not regard this case a trial of the right of property suit under the statute. Intervener made no reference to the statutory remedy of trial of the right of property, and in no way attempted to intervene under such remedy. The cases cited by appellant involve the statutory remedy of trial of the right of property. We have concluded that Johnston v. Luling Mfg. Co. et al., Tex.Civ.App., 24 S.W. 996; Watkins v. Citizens' National Bank of Rockwall, 53 Tex.Civ.App. 437, 115 S.W. 304; Firemen's Fund Ins. Co. v. Galloway, Tex.Civ. App., 281 S.W. 283, and Pool v. Sanford, 52 Tex. 621, are applicable. As said by the Supreme Court in the Pool v. Sanford case, "We have no statute providing for the right of intervention," but our practice on this subject is stated by Mr. Pomeroy, in his work on Remedies and Remedial Rights, Sect. 430, and restated in the Pool v. Sanford case and the above cases referred to. It is as follows: "The intervenor's interest must be such, that if the original action had never been commenced, and he had first brought it as the sole plaintiff, he would have been entitled to recover

in his own name to the extent at least of a part of the relief sought; or if the action had first been brought against him as a defendant, he would have been able to defeat the recovery, in part at least. His interest may be either legal or equitable."

It is believed our practice substantially conforms to the above, and permits intervention in suits for real or personal property.

Certainly under the facts as found by the jury, either on the ground that title to the car was not in McAdow, or that appellant McAdow was estopped to claim as against Luckett or Sharpe, Sharpe could successfully defend in such suit.

Intervention, when timely made, is largely a matter to be allowed within the discretion of the trial court. Wright v. Neathery, 14 Tex. 211; Eccles v. Hill, 13 Tex. 65; Schnick v. Morris, Tex.Civ.App., 24 S.W.2d 491.

Appellant makes no claim that he was injured by the intervention.

Other propositions of appellant have been considered. We think they show no reversible error, and are overruled.

The case is affirmed.