AMERICAN CENTRAL INSURANCE COMPANY v. N. B. CHANCEY.

Decided March 24, 1910.

**1.—Fire Insurance—Gasoline on Premises—Forfeiture.**

A policy of fire insurance on a building contained a stipulation that the policy should be void if there should be kept, used or allowed on the premises gasoline or petroleum or any of its products of greater inflamability than kerosene oil; the building was used in part as a restaurant, and gasoline, not

exceeding five gallons at any one time, was kept in the restaurant for use in a coffee urn in connection with the business; a fire originated in that part of the building where the gasoline was kept and the building was destroyed. Held, keeping the gasoline on the premises was a breach of the contract of insurance.

### 2.—Same.

The mere delivery of a vessel of gasoline in a building from which it was soon thereafter removed to other premises, was not in violation of a contract of fire insurance forbidding the keeping, using or allowing gasoline in the insured building.

### 3—Same—Waiver of Stipulation.

Where the agent of a fire insurance company issues a policy of insurance with knowledge that the building insured was used as a restaurant, that gasoline was used in connection with the coffee urn, and that it was a reasonable requirement of such business that enough gasoline be kept on the premises to make coffee and keep it hot, the company will not be heard to say that the policy should not be effective, although it contained a stipulation that gasoline should not be kept, used or allowed on the premises.

#### ON REHEARING.

### 4.—Same—Waiver—Issue of Fact.

In a suit upon a policy of fire insurance evidence considered upon an issue of waiver, and held to raise a question of fact which should have been submitted to the jury, and a peremptory instruction for the plaintiff was therefore error.

Appeal from the District Court of Angelina County. Tried below before Hon. James I. Perkins.

*Andrews, Ball & Streetman* and *W. J. Townsend, Jr.,* for appellant.—A breach of a warranty in a fire insurance policy prohibiting the use of gasoline upon the insured premises avoids the policy. Pennsylvania F. Ins. Co. v. Faires, 13 Texas Civ. App., 111; Fireman's Fund Ins. Co. v. Shearman, 20 Texas Civ. App., 343; Georgia Home Ins. Co. v. Jacobs, 56 Texas, 372; Liverpool & L. Ins. Co. v. Gunther, 116 U. S., 113; Norwayaz v. Thuringia Ins. Co., 68 N. E., 551; Turnbull v. Home Fire Ins. Co., 34 Atl., 875; Boyer v. Grand Rapids F. Ins. Co., 83 N. W., 125; McFarland v. St. Paul F. & M. Ins. Co., 49 N. W., 253; Monger & Henry v. Queen Ins. Co., 44 Texas Civ. App., 629; Monger & Henry v. Delaware Ins. Co., 97 Texas, 367; Fischer v. London & L. F. Ins. Co., 83 Fed., 807; Draper v. Oswego County F. R. Assn., 82 N. E., 755; Richmond Coal Co. v. Commercial U. Assur. Co., 159 Fed., 985; 2 Ostrander F. Ins., 327; Birmingham F. Ins. Co. v. Kroeger, 24 Am. Rep., 147.

The evidence was wholly insufficient to establish as a matter of law a waiver of the condition in the policy avoiding it if gasoline was "kept, used or allowed" on the premises. Phoenix Ins. Co. v. Ward, 7 Texas Civ. App., 13; Hartford F. Ins. Co. v. Moore, 13 Texas Civ. App., 644; Standard L. & A. Ins. Co. v. Davis, 45 S. W., 826; German Ins. Co. v. Everett, 18 Texas Civ. App., 514; Liverpool & L. Ins. Co. v. Ende, 65 Texas, 121; Planters M. Ins. Co. v. Lyons, 38 Texas, 253; St. Paul F. & M. Ins. Co. v. Stogner, 44

Texas Civ. App., 60; 29 Am. & Eng. Enc. Law, 1091 to 1105 (2d ed.); 16 Am. & Eng. Enc. Law, 935 (2d ed.).

A custom to use gasoline upon premises, prior to its being insured, can not vary or control an express contract afterwards entered into between the parties prohibiting such further use. First Natl. Bank of Waxahachie v. Lancashire Ins. Co., 62 Texas, 461; Moore v. Kennedy, 81 Texas, 144; Tucker v. Smith, 68 Texas, 473; Harrell. v. Zimpleman, 66 Texas, 294; Meah v. Lufkin, 21 Texas, 383; Union Cent. Ins. Co. v. Chowning, 8 Texas Civ. App., 455; Henry v. Green Ins. Co., 103 S. W., 836; Monger & Henry v. Delaware Ins. Co., 97 Texas, 362; Monger & Henry v. Queen Ins. Co., 44 Texas Civ. App., 629; Stagg v. Mutual Ins. Co., 77 U. S. (10 Wall.), 589; Turnbull v. Citizens Bank of Louisiana, 16 Fed., 145; The Gran Canaria, 16 Fed., 868; Meissner v. Brun, 128 U. S., 474; Hudson v. Henderson, 1 White & Willson, sec. 353.

The court erred in directing the verdict of a jury for the reason that the evidence raised an issue of fact as to whether or not said fire insurance policy had become void by the keeping, using, storing and allowing gasoline upon said premises, which question of fact should have been submitted to the jury for their determination and finding.

*Mantooth & Collins* and *Martin M. Feagin,* for appellee.

REESE, ASSOCIATE JUSTICE.—This is a suit by N. B. Chancey against the American Central Insurance Company to recover $3075 on a policy of fire insurance on certain brick houses in the city of Lufkin issued by defendant. The court instructed a verdict for plaintiff upon which judgment was rendered for the full amount of the policy. From the judgment this appeal is prosecuted.

The issuance of the policy, which had been lost, was admitted by appellant. It was issued June 23, 1907, and was for one year. The destruction of the insured buildings by fire on August 12, 1907, was not contested. The policy contained the following provisions:

"This entire policy, unless otherwise provided by. agreement endorsed hereon or added hereto, shall be void if the hazard as to the subject of insurance or any portion thereof be increased by any means within the control or knowledge of the insured; or if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used or allowed on the above described premises (meaning the insured premises) . . . gasoline . . . or petroleum or any of its products of greater inflammability ·than kerosene oil of the United States standard. . . ."

By proper pleadings the violation of these provisions was urged by appellant as a defense to the action. This is the only defense presented by the evidence, and the only questions presented by the assignments of error arise upon the peremptory charge by the court to return a verdict for plaintiff, the refusal of a like charge to find for defendant, and the refusal to submit this issue to the jury, in view. of the evidence upon this issue. So the whole case, so far as this appeal is concerned, turns upon the question as to the legal

effect of the undisputed evidence upon the issue as to whether there had been such a violation of the aforesaid provisions of the policy as to bar a recovery.

There is no substantial conflict in the testimony. We find that the following facts were conclusively established by the undisputed evidence:

The policy was a blanket policy upon three brick storehouses. They constituted substantially one building, being divided by partitions into three storehouses, one of which was used as a store, one as a barbershop, while the third, in which the fire occurred, was used as a restaurant. They were all occupied by tenants of appellee, who was the owner. At the time of the issuance of the policy the building in which the fire occurred was rented to and occupied by one Smith, and used as a restaurant, and had been previously so occupied and used by one Scott as tenant of appellee. It continued to be so occupied and used by Smith up to the destruction of the building by the fire in question. This was known to appellant's agent, who procured the insurance, at the time of the issuance of the policy and up to the time of the fire. As a part of his business of keeping a restaurant Smith kept in use a vessel for making coffee for his customers, called a coffee urn, in which coffee was kept hot. For this part of his business Smith used gasoline as a fuel. All restaurants in the town of Lufkin used gasoline for this purpose, and such had been the custom previous to the issuance of the policy, and so continued. Gasoline for this purpose was supplied to Smith by a local dealer, who delivered to him about once every week a vessel, called a "jacket" containing five gallons of the fuel, which was kept in a closet between that part of the building used as a restaurant, and that part used as a kitchen, practically in the middle of the building. Sometimes they would get out of gasoline, when they would borrow for temporary use from a saloon, operated by Smith, across the street. The evidence tends to the conclusion that the five gallons was about a week's supply for the coffee urn. A few days before the fire the local dealer delivered to Smith at the restaurant two five-gallon jackets of gasoline, which were placed in the closet aforesaid by such dealer, one of which was for use in the saloon. Just how long this extra five gallons was kept in the restaurant does not appear, but it was shown that it was not there the night of the fire and therefore it could not have remained there more than a day or two, probably not so long.

The local dealer testified that he usually sold Smith (who ran both the saloon and the restaurant) gasoline about once a week, usually from five to ten gallons, and left it at the restaurant in the closet before mentioned, but it was not shown that all of it or more than five gallons so delivered was kept in the restaurant, even temporarily, except on this one occasion.

Appellant's agent denied all knowledge that gasoline was stored in the building, but he did not deny knowledge that it was used in connection with the coffee urn. On the contrary, the result of the uncontradicted evidence is that he did know that this was the general custom as to restaurants at Lufkin, that they all used gasoline in

this way, and that he knew when the policy was issued that it was used in connection with the coffee urn in this restaurant.

The fire was directly caused by the gasoline in the closet. It was first discovered on the can of gasoline. Someone tried to extinguish it but could not do so. The can was then seized and dragged to the door. In attempting to throw it out of the building, the can struck the door and exploded. The result was the destruction of the entire insured premises. How much gasoline was in the can does not appear.

As we have said, the three assignments of error urged, with the several propositions thereunder, present the general proposition that the court erred in directing a verdict for appellee, in support of which it was urged (1) that the undisputed evidence showed a breach of the provisions of the policy, and (2) that at least the evidence presented an issue or issues of fact which should have been submitted to the jury. We do not think it necessary to discuss separately the several propositions in the brief.

To the answer of appellant that the right to recover on the policy was forfeited by the breach of the conditions before referred to, appellee replied alleging knowledge of the existence of the facts by appellant at the time the policy was issued and consequent waiver.

There can be no question that the facts herein found to have existed rendered the policy void by the terms thereof, unless compliance with such conditions was waived by appellant. The knowledge of the agent who procured the policy at the time of its issuance that the building was used as a restaurant, and that gasoline was used in connection with the coffee urn, in which it appeared that coffee was kept hot night and day by the use of gasoline as a fuel, carried with it the knowledge not only that gasoline was "used in and allowed on the premises," but that such amount thereof as was reasonably necessary for such use was "kept" there within the terms of the policy. The evidence was that there was used a gallon a day, about the coffee urn. It does not show that more than five gallons were kept there at any one time, that is, that that much was delivered at a time and this quantity was depleted at the rate of one gallon a day until it was consumed, when it was replenished. Gasoline was not kept in the building except for this use. That sometimes ten gallons were delivered at this restaurant for use in the restaurant and saloon, of which quantity that for the saloon was not kept in the restaurant but sent to the saloon, is shown by the uncontradicted evidence. It can not be said that this extra quantity for use in the saloon was "kept, used or allowed" in the restaurant, within the meaning of the provisions of the policy. (Smith v. German Ins. Co., 30 L. R. A., 368; American Central Ins. Co. v. Green, 16 Texas Civ. App., 531 (41 S. W., 70-77); Springfield Fire Ins. Co. v. Wade, 95 Texas, 598.)

The quantity that was shown to have been kept in the restaurant was not more than reasonably sufficient for the needs of the business nor more than the agent of the company must be held to have known was kept there for daily use, and such must be held to have been in contemplation of the parties. We have then this condition: The

agent of appellant with knowledge that the building was used as a restaurant, that gasoline was used in connection with the coffee urn, and that it was a reasonable requirement of such business that enough gasoline be kept on the premises to furnish fire for the stove used to make coffee and keep it hot, made for the company the contract of insurance. The agent knew that the conditions existed which avoided the policy, *ab initio*. The use of the gasoline in any quantity avoided the policy according to its terms. The keeping of even enough to fill the tank in the stove would do it, by the terms of the policy. Can it be said that it was the deliberate intention of the agent, and therefore of the company, that the policy should not be effective? Will it be heard to say so? We think the undisputed facts brings the case within the well established doctrine of waiver or estoppel as thus stated in Liverpool & London Ins. Co. v. Ende (65 Texas, 123) : "To deliver a policy with full knowledge of facts upon which its validity may be disputed, and then to insist upon these facts as ground of avoidance, is to attempt a fraud. This the courts will neither aid nor presume, and when the alternative is to find this or to find that, in accordance with honesty and fair dealing, there was an intent to waive the known ground of avoidance, they will choose the latter. Such an issue is tantamount to an assertion that the policy is valid at the time of delivery, and is a waiver of the known ground of invalidity." East Texas Fire Ins. Co. v. Brown, 82 Texas, 635; Mutual R. F. Life Assn. v. Sullivan, 29 S. W., 192; East Texas F. Ins. Co. v. Crawford, 16 S. W., 1068; Crescent Ins. Co. v. Camp, 71 Texas, 503; Phoenix Ins. Co. v. Ward, 26 S. W., 763.

It must be held that the issuance of the policy carried with it the consent of the appellant that the building might be used as it was then being used, and that the restaurant business might continue to be carried on as it was then being carried on. (19 Cyc., 779-780; Viele v. Germania Ins. Co., 96 Am. Dec., 83-109.)

It was also provided in the policy that it should be void, unless otherwise provided by agreement, if the hazard as ·to the subject of the insurance be increased by any means within the knowledge or control of the insured. There can be no question that the hazard was increased by the presence of the gasoline in the building, and also that this was within the control if not the knowledge of the insured, but such hazard came from the presence of the very condition as to keeping gasoline on the premises elsewhere provided against in the policy. If appellant had waived this latter condition certainly it can not insist that the increased hazard was not waived. If it impliedly, by the acts of its agent, consented to the use of gasoline, it consented to the increased hazard occasioned thereby.

We have examined the three assignments of error and the various propositions thereunder. If we are correct in our conclusions as stated, it follows that no error is presented by any of them, and they are overruled. Finding no error the judgment is affirmed.

### ON MOTION FOR REHEARING.

Upon further consideration, on motion for rehearing, of the facts of this case, as shown by the statement of facts in the record, we have concluded that the trial court erred in taking the case from the jury by a peremptory instruction to return a verdict for plaintiff. We are of the opinion that the evidence presents an issue. which should have been submitted to the jury. as to whether the agent of the appellant had such knowledge that gasoline was kept, used or allowed on the insured premises in the manner and in the quantities it was so kept, used or allowed as would operate as a waiver of the conditions of the policy with regard thereto. This issue should have been submitted to the jury under appropriate instructions.

The motion for rehearing is granted, our former judgment affirming the judgment of the trial court is set aside, and for the error indicated the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*