5635.   NATIONAL LIFE INSURANCE COMPANY *v.* BEAN.

WADE, J. A policy of health insurance provided for the payment of an indemnity "for the period of not less than one week nor more than six consecutive weeks during which the assured shall be continuously confined within his house and called upon regularly by a licensed physician, and continuously and wholly disabled, solely by" various diseases named, including peritonitis, "and no other diseases, from transacting any and every kind of business and labor," etc., and that "Written notice of any injury, fatal or non-fatal, or sickness covered hereunder must be given to the company at its home office, 29 South La Salle street, Chicago, Illinois, or to a licensed agent of the company in the county in which the assured shall reside at the time of giving such notice, within twenty days from date of accident or beginning of illness upon which claim is based, unless such notice may be shown not to have been reasonably possible; and failure to give such notice shall invalidate all claims under this policy." There was evidence that the plaintiff was treated by a physician for malaria resulting in peritonitis, and was confined to his room and bed, and was unable to attend to any business for about 30 days; that information as to the nature of the disease or sickness from which he suffered was withheld from him by his physician until after his recovery; that he did not know he had an attack of peritonitis, or that this was one of the diseases covered by his policy, until he recovered sufficiently to go to his place of business and examine his policy, which was deposited there, and thereafter interviewed his physician; that he was confined to his bed and room from August 15, 1912, to September 17, 1912, was unable to attend to any business whatever during that time, was in great pain and seriously ill, was out of his head a part of the time, and was visited daily, and sometimes twice a day, during this entire period by a physician; that written notice of his illness was not given to the insurance company within 20 days from the beginning of the illness upon which the claim was based, but was given within 20 days from the date when the plaintiff discovered what had been the nature of his illness; that from the original report of the attending physician, dated September 20, 1912 (introduced by the defendant), the claimant suffered from stomatitis and peritonitis, and "the above-named illness" was "the sole cause of his . . confinement;" and in the final statement of the physician (also introduced by the defendant), dated October 15, 1912, a severe attack of peritonitis is named as the disease with which the claimant was afflicted, and the attending physician testified at the trial that the claimant had "a high temperature first, then stomach trouble, of course, and, following, peritonitis." *Held:*

1. Under the evidence and the stipulation in the policy allowing the notice to be given after the expiration of 20 days from the beginning of the illness upon which the claim is based, where "such notice may be shown not to have been reasonably possible," the policy was not, as a matter of law, forfeited because of the failure to give the notice within the 20 days, but it was for the jury to say "whether the plaintiff had given the required notice as soon as reasonably possible under all the facts

and circumstances." *Columbian National Life Ins. Co.* v. *Miller*, 140 *Ga.* 346 (78 S. E. 1079, 34 Ann. Cas. (1914D) 408).

2. There was sufficient evidence to authorize the verdict.

3. There was no material error, for any of the reasons assigned, in the charge of the court that if the notice given by the plaintiff (if the jury should find that notice had been given) was given within a reasonable time, considering all the circumstances of the case and the condition of the plaintiff at the time, and the jury should further find that the plaintiff was confined to his bed or room for any period of time with peritonitis, he would be entitled to recover at the rate of $15 per week for the time he was so confined with peritonitis, during the period alleged in his suit, especially when this instruction is taken in connection with the following additional charge: "The defendant contends that the plaintiff can not recover, because the notice of sickness was not given within the time mentioned in the policy. Now, whether or not the plaintiff had complied with that provision of the contract, and if not, whether or not a reasonable excuse has been given for a failure to comply with the terms thereof, is submitted to you along with the case, and you will take all the evidence and circumstances of the case and say by your verdict whether the plaintiff is entitled to recover." If any fuller charge had been desired, a written request therefor should have been made.

4. The judge did not err in failing to charge the jury that, "should they find that the plaintiff had more than peritonitis at the time he had it or pre-existing the peritonitis, and that such other sickness was partly the cause of the plaintiff's being confined to his home, he could not then recover;" since he did instruct the jury that if they found that the plaintiff was confined to his bed and room with peritonitis, "he would be entitled to recover at the rate of $15 per week *for the time so confined with peritonitis*, during the period alleged in the plaintiff's suit." The issue was, did the plaintiff have peritonitis? And, if so, how long was he confined to his house and continuously and wholly disabled solely by that disease, and by no other disease? Seldom does one have a serious physical ailment not complicated with other diseases or physical disturbances; and if proof of a pre-existing disease, or of some concurrent ailment, would prevent recovery for disability caused solely by another disease flowing therefrom and a consequence thereof, for and during the period when the last disease was the *sole then-existing cause* of the disability of the claimant, a policy insuring one against certain specific diseases would be worse than valueless. *Judgment affirmed.*

DECIDED FEBRUARY 3, 1915.

Action on insurance policy; from municipal court of Atlanta. March 24, 1914.

*Lawton Nalley,* for plaintiff in error.
*Homer Watkins, Thomas J. Lewis,* contra.