## CONTINENTAL LIFE INS. CO. v. JOHNSON. (No. 2665.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 18, 1923.)

Insurance ⊂∞530, 668(11)—Health policy may limit liability, and peremptory instruction for full amount of policy error.

Under Rev. St. art. 4742, subd. 3, forbidding the proviso in a life policy for settlement at less than its face, but which does not apply to ·purely accident and health policies, in an action by insured for sick benefits under a combination life, health, and accident policy, which provided that benefits for illness from sciatica should be only one-fourth the specified amount, where there was a conflict of testimony as to whether insured's illness was sciatica or influenza, a peremptory instruction to return the full amount of the benefits specified in the policy, on the theory that the policy was one for life insurance and the provision for reduced amounts of benefits was illegal, was error, since the Legislature did not intend the inhibition against settlement at less than the face value of a policy to apply to insurance against accidents and sickness.

Appeal from Harrison County Court; W. H. Strength, Judge.

Action by Lee Johnson against the Continental Life Insurance Company. After a trial in a justice's court, from judgment in a county court for plaintiff, defendant appeals. Reversed and remanded.

Bibb & Caven, of Marshall, for appellant.
Scott & Lane, of Marshall, for appellee.

HODGES, J. This suit originated in the justice court. In October, 1916, the appellant issued to the appellee a combination life, health, and accident policy. The suit was by the insured to recover sick benefits which accrued from November 15, 1919, to February 23, 1920, which he claims aggregated $98.50. He also sought 12 per cent. damages and $50 as attorney's fees. The appellant admitted liability for the period stated, but insisted that under the terms of the policy it was for only one-fourth of the benefits claimed. At the conclusion of the evidence in the trial below the jury was instructed to find for the plaintiff the sum of $30 per month for the period above stated, together with 12 per cent. damages and $35 as attorney's fees.

The policy sued on was a combination contract, one which insured the life of the appellee and also contained what is termed an "illness indemnity," which stipulated that he was to be paid a sick benefit at the rate of $30 per month for a specified length of time. There was another subdivision, however, which limited the sick benefit to onefourth of that amount, if the illness resulted from certain causes, or consisted of certain named diseases, among which was sciatica. The testimony of the attending physician showed that the appellee suffered from sciatica during the period named. There was other testimony which tended to show that his sickness was due to influenza.

The only question in this appeal is: Did the court err in instructing the jury to find for the appellee the full amount of the indemnity claimed? The correctness of that decision must be determined by a construction of article 4742 of the Revised Civil Statutes, which is as follows:

"No policy of insurance shall be issued or delivered in this state, or be issued by a life insurance company incorporated under the laws of this state, if it contains any of the following provisions: * * * 3. A provision for any mode of settlement at maturity of less than the amount insured on the face of the policy plus dividend additions, if any, less any indebtedness to the company on the policy, and less any premium that may, by the terms of the policy be deducted: Provided, that any company

may issue a policy promising a benefit less than the full benefit in case of the death of the insured by his own hand while sane or insane, or by the following stated hazardous occupations. This provision shall not apply to purely accident and health policies."

It is conceded that the charge of the court is based upon the conclusion that subdivision 3 of the article above quoted prohibited the issuance of a policy of this kind. He treated this policy as if it were one for life insurance, or as one not for "purely accident, and health." The statute above quoted makes it plain that the Legislature did not intend that the inhibition against settlements for less than the face of the policy should apply to contracts of insurance against accidents and sickness. It is the subject-matter of the contract, and not its form, which should control in giving effect to the legislative intent. It would be extremely technical to hold that, in order to escape the force of the inhibition against settlements for life insurance, the contract must contain no provision except those which relate to accident and health. If the provision invoked, in this instance, would be valid in a policy which was exclusively a health and accident contract, why should it not also be valid when embraced in a combination policy?

The cases cited and relied upon by the appellee are not applicable. We are of the opinion that the court erred in giving the peremptory instruction to find for the full amount of the face of the policy.

The judgment will therefore be reversed, and the case remanded for another trial.