## INTERNATIONAL INDEMNITY CO. v. DUNCAN. (No. 2756.)*

(Court of Civil Appeals of Texas. Texarkana. May 31, 1923. On Motion for Rehearing, June 21, 1923.)

**I. Insurance &#9758;330(I)—Policy stipulation that incumbrancing automobile shall avoid it held valid.**

In the absence of statute, a stipulation in an automobile policy that placing incumbrances on the car should avoid the policy is valid.

**2. Insurance &#9758;311½—1909 statute, authorizing incorporation of certain insurance companies and applying its provisions to all other insurance companies, held not applicable to 1913 fire insurance statute.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 4955, enacted in 1909, being part of an act authorizing incorporation of life, accident, and health insurance companies, and applying its provisions to all other insurance companies so far as not conflicting with laws specially applicable thereto, would not render applicable to theft policies article 4892, enacted in 1913, providing that provisions in fire policies forfeiting insurance in case of incumbrances are void.

**3. Insurance &#9758;389(6)—Delivering policy with knowledge of intended violation held not waiver.**

Delivery of a policy with knowledge of a mere intended violation of its terms will not create a waiver or estoppel against the company.

On Motion for Rehearing.

**4. Insurance &#9758;421—Policy covering fire and theft of automobile is equivalent to two distinct policies.**

A policy protecting an automobile against fire and theft is a combination policy, in legal effect two separate policies, and it is no defense to a recovery for fire that the car at the time was in a thief's possession, who stole it before the fire occurred.

**5. Insurance &#9758;330(I)—Provision in fire and theft policy void as to a fire policy ineffective to prevent recovery for fire.**

A provision in an automobile fire and theft policy against liens and mortgages is ineffective to prevent recovery for fire, because the policy may be treated as one for fire alone, in which case the provision is void under Vernon's Sayles' Ann. Civ. St. 1914, art. 4892.

**6. Insurance &#9758;330(I)—Mere possession by thief of mortgaged automobile when burned held ineffective to prevent recovery under fire clauses of policy.**

Where an automobile fire and theft policy provided that any liens or mortgages placed on the property would avoid the policy, unless consented to in writing, mere possession by a thief when the car was burned would not render inapplicable in suit for loss of automobile by fire Vernon's Sayles' Ann. Civ. St. 1914, art. 4892, voiding provisions for nonliability in case of incumbrances, though such provision was not applicable to theft.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by C. A. Duncan against the International Indemnity Company. Judgment for plaintiff, and defendant appeals. Affirmed.

This suit was on a policy for $3,000 issued by appellant June 14, 1921, insuring appellee from said June 14, 1921, to June 14, 1922, against the loss by theft or fire of an automobile owned by him. Appellee alleged in

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction November 21, 1923.

his petition, and at the trial proved, that the automobile "was stolen and burned" about July 15, 1921, and that "such theft and said burning resulted in a complete and total loss" of same to him. He further alleged that the automobile at the time it was stolen and burned was worth $4,000, and proved that it was worth $3,800 at the time it was stolen. In its answer appellant alleged and at the trial proved that the policy contained a stipulation as follows:

"Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage to any property insured hereunder while encumbered by any lien or mortgage,"

further alleged that at the time the automobile was stolen and burned it was incumbered by a lien or mortgage placed on it by appellee after the policy was issued, and further alleged and proved "that there was no agreement in writing added to said policy or otherwise, providing that defendant (appellant) should be liable for loss or damage to said automobile while so incumbered by lien or mortgage." With reference to this appellee admitted that there "existed a mortgage upon the automobile for about the sum of $900" at the time it was stolen and at the time it was burned, and then alleged and at the trial as a witness testified that he explained to appellant at the time he secured the policy that he expected to borrow money on it, and was going to mortgage it for that purpose.

On special issue submitted to them the jury found that appellant knew at the time it issued the policy that appellee "was going to incumber said automobile for the purpose of borrowing money thereon;" that the car was stolen about July 15, 1921; that it was destroyed by fire; and that it was worth $3,800 when stolen and the same sum when it was burned.

The judgment from which the appeal is prosecuted was in appellee's favor for $2,985.

Thomas. Frank, Milam & Touchstone, of Dallas, and H. T. Cooper, of Fort Worth, for appellant.

F. M. Chaney, of Dallas, and Mays & Mays, of Fort Worth, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] It appeared that the automobile was stolen, and that afterwards, while it was in the possession of the thief, it was destroyed by fire. As, therefore, the loss to appellee provided against in the policy was complete, terminating the policy (3 Joyce on Insurance, § 1450), before the automobile was burned, the liability of appellant to him was predicable on the theft alone. Whether it was liable as determined by the judgment depends upon whether appellee was bound by the stipulation in the policy, set out in the state-

ment above, against incumbrances on the automobile. The stipulation was a valid one, unless prohibited by article 4892, Vernon's Statutes, as appellee contends it was; and, appellee having, admittedly, incumbered the car with a mortgage after the policy was issued to him without the consent of appellant in writing, the stipulation was conclusive against his right to recover as he did, unless appellant was estopped from setting same up as a defense against such recovery.

The article of the statute referred to was section 18 of the Act approved April 2, 1913 (General Laws, p. 195), providing conditions under which fire insurance companies should transact business in this state, and is as follows:

"Any provision in any policy of insurance issued by any company subject to the provisions of this act to the effect that if said property is incumbered by a lien of any character or shall after the issuance of such policy become incumbered by a lien of any character, that such incumbrance shall render such policy void, shall be of no force and effect, and any such provision within or placed upon any such policy shall be absolutely null and void."

The theory upon which it is claimed that the statute, applicable when it was enacted to fire insurance companies alone, rendered the stipulation void, seems to be based partly on the fact that the policy insured appellee against loss of the automobile by fire as well as the loss thereof by theft, and partly on article 4955, Vernon's Statutes, which is as follows:

"All the provisions of the laws of this state applicable to the life, fire, marine, inland, lightning, or tornado insurance companies, shall, so far as the same are applicable, govern and apply to all companies transacting any other kind of insurance business in this state, so far as they are not in conflict with provisions of law made specially applicable thereto."

[2] So far as the contention is based on the statute just set out, it is sufficient to say that that statute was enacted in 1909, as a part of an act authorizing the incorporation of life, accident, and health insurance companies, General Laws, p. 192. It therefore could not be held to apply to the provision set out from the statute enacted in 1913, stating conditions upon which fire insurance companies should transact business in this state. And so far as the contention is based on the fact that the policy was to indemnify appellee against loss of the automobile by fire as well as by theft, it is equally untenable, as was, in effect, determined by this court in Ins. Co. v. Johnson, 248 S. W. 88.

[3] It follows that the judgment is wrong, unless appellant was estopped from setting up the stipulation in the policy referred to as a defense against the recovery obtained against it. As shown in the statement above, the estoppel claimed was predicated on the fact, as

found by the jury, that appellant knew when it issued the policy that appellee "was going to incumber the automobile for the purpose of borrowing money" on it. The rule established by the weight of the authorities is that "a delivery of a policy with knowledge of a mere intended violation of its terms will not create a waiver or an estoppel." 3 Cooley's Briefs on Insurance, 2646; 7 Cooley's Briefs on Insurance, 2645; 14 R. C. L. 1170; Mc-Carty v. Ins. Co., 81 S. C. 152, 62 S. E. 1, 18 L. R. A. (N. S.) 729; Ins. Co. v. Prather, 25 Tex. Civ. App. 446, 62 S. W. 89. Appellee cites Ins. Co. v. Chancey, 60 Tex. Civ. App. 61, 127 S. W. 577, decided by the Court of Civil Appeals which decidel the Prather Case, supra, as a case supporting his view. But clearly it does not. In that case the stipulation was against keeping or using gasoline on the premises insured. It appearing that the building was used as a restaurant, and that gasoline was being used there as a fuel at the time the policy was issued, the trial court instructed a verdict for the plaintiff. On appeal the judgment was first affirmed, on the theory that it appeared as a matter of law that a condition existed which invalidated the policy at the time it was issued, and that the insurance company knew it; but on a rehearing the judgment was reversed, the court having concluded that the testimony made an issue for the jury as to whether the company "had such knowledge that gasoline was kept, used, or allowed on the insured premises in the manner and in the quantities it was so kept, used, or allowed as would operate as a waiver of the conditions of the policy with regard thereto."

The appellee here neither alleged nor proved that he did not know that the stipulation in question was in the policy. It must be assumed, therefore, that he knew at the time he mortgaged the automobile that by the express terms of his contract with appellant it was not to be liable to him for loss of the property by theft if he so incumbered it without the agreement in writing of appellant that he might do so. With that knowledge he certainly could not claim an estoppel against appellant because he had advised it of his intention to mortgage the property. The stipulation was notice to him that he must not do so, and he was in the attitude of agreeing he would not do so, without the consent of appellant in writing.

The judgment will be reversed, and judgment will be here rendered that appellee take nothing by his suit against appellant.

### On Motion of Appellee for Rehearing.

[4-6] Further consideration of the record has convinced us that we erred in holding that liability of appellant to appellee could not be predicated on the destruction of the car by fire. Notwithstanding it was in the possession of the thief, the car was appellee's property at the time it was destroyed. The risk insured against was not from fire *or* theft, as stated in the opinion reversing the judgment, but it was from fire *and* from theft. The policy was a combination one, and its legal effect was not different from what would have been the legal effect of two separate policies, one against loss of the car by fire, and the other against loss thereof by theft, in which event we think it would not be a defense to a recovery on the one against fire that the car at the time was in the possession of a thief who had stolen it before the fire occurred. In that view the judgment was sustainable on the finding that the automobile was destroyed by fire, notwithstanding the stipulation in the policy against incumbering same with a mortgage; for, treating the policy as one against loss by fire alone, the stipulation was "absolutely null and void." And there is another view of the case which, we think, authorized the trial court to render judgment in appellee's favor. Appellant alleged and proved, as stated in said opinion that by the terms of the contract it was not to be liable for loss of the car by theft if appellee incumbered it with a lien without its consent in writing. When appellee so incumbered it the contract ceased to be enforceable against appellant so far as it was to indemnify appellee against loss of the car by theft. But it remained a valid and enforceable contract so far as it was to indemnify appellee against loss of the property by fire; and, had he recovered the car from the thief, and had it afterwards been destroyed by fire, we think the fact that it had been stolen would be no answer to a suit by him for the indemnity against loss of the property by fire.

The motion will be granted, and the judgment of this court reversing the judgment of the court below will be set aside, and the judgment of said court below will instead be affirmed.