## CENTRAL STATES FIRE INS. CO. v. WRIGHT. (No. 1742.)

(Court of Civil Appeals of Texas. El Paso. May 14, 1925. Rehearing Denied June 11, 1925.)

1. Insurance ⚖═389(6)—Insurer held estopped to set up defense that insured failed to keep books and papers in fireproof safe at night.

Where insurer's agent, who obtained fire policy, knew that insured had no fireproof safe, and did not intend to get one, insurer was estopped to assert insured's breach of policy provision requiring insured to keep books and papers in fireproof safe at night.

2. Insurance ⚖═372—Insurer may waive provisions of policy in form prescribed by state insurance commission.

Insurer may waive provisions of policy, which is in form prescribed by state insurance commission.

Error from Taylor County Court; Bruce E. Oliver, Special Judge.

Action by A. M. Wright against the Central States Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Pinkney Grissom and Thompson, Knight, Baker & Harris, all of Dallas, for plaintiff in error.

Dallas Scarborough, of Abilene, for defendant in error.

HIGGINS, J. Through its local agent, appellant issued to appellee a fire insurance pol-

icy in the sum of $500, dated February 1, 1923, covering a stock of merchandise. On March 26, 1923, the insured property was totally destroyed by fire. Upon refusal to pay, this suit was brought by the appellee. Upon trial, without a jury, judgment was rendered for the amount of the policy with interest.

Prior to the time the policy in question was issued, the Detroit Fire & Marine Insurance Company had issued a policy in the sum of $1,500 upon the same property. Russell and Ford were the local agents through whom the Detroit policy had been procured. Just prior to the time the appellant's policy was issued, Mr. Russell of Russell & Ford came to appellant's place of business and solicited additional insurance upon the property. An inventory was then taken by appellee of his stock, Russell assisting in taking the same; and, it appearing the amount of merchandise on hand amply warranted an additional $500 insurance, appellee authorized Russell to write that additional amount. Pursuant to this authority, Russell wrote the policy sued upon and placed it with appellee's papers in one of the local banks, where it remained until after the fire. Appellant never saw the policy until after the fire. It is insisted the judgment should have been rendered in appellant's favor because the undisputed evidence shows a violation of the iron safe and record warranty clause.

[1] The uncontradicted evidence shows that an inventory was taken as shown above, just preceding the issuance of the policy in suit, and that this inventory was the basis of the policy. It also shows that appellee kept books which were sufficient to meet the requirements of the record warranty. The evidence also shows that appellee had no safe, but at night kept his books and inventories in a desk in the building. They were thus lost in the fire. Appellant relies upon this breach of the iron safe clause to defeat recovery.

Upon this phase of the case the evidence shows without dispute that appellant's agent Russell at all times knew appellee had no safe, did not intend to get one, and that he was keeping, and intended to keep, his books and papers in the wooden desk at night, exposed to any fire which would destroy the stock of goods. The agent Russell so testifies. Some of the evidence relating to this matter is shown in the opinion handed down in Detroit Fire & Marine Ins. Co. v. Wright (Tex. Civ. App.) 273 S. W. 628, this day decided.

Under such circumstances the authorities abundantly support the view that appellant is estopped to defend because of the breach of the iron safe clause. In addition to authorities cited in the case above mentioned, see the following: Ins. Co. v. Ende, 65 Tex. 118; Ins. Co. v. Chancey, 60 Tex. Civ. App. 61, 127 S. W. 577; Wood on Fire Ins. § 497.

[2] As in the Detroit Fire & Marine Insurance Co. Case the appellant contends that it was not permissible for it or its agent to waive any of the provisions of the policy sued upon, because such policy is written upon the form approved by the state insurance commission. This contention is foreclosed against it by the rulings made in Ins. Co. v. Tabor, 111 Tex. 155, 230 S. W. 397, Ins. Co. v. Street (Tex. Civ. App.) 265 S. W. 397, and Ins. Co. v. Hopkins (Tex. Civ. App.) 244 S. W. 989.

Appellant presents a number of other propositions, all of which have received due consideration, and are regarded as without merit.

Affirmed.