## FEDERAL CASUALTY CO. v. DILLINGHAM et al. (No. 10014.)

Court'of Civil Appeals of Texas. Dallas. Oct. 1, 1927.

**Insurance** ⊚⇒530—**Stipulation in sick benefit policy restricting liability for Bright's disease to one month's payment held part of contract and binding on beneficiary.**

Where a sick benefit insurance policy provided for payment of a certain sum per month in case of total disability of the insured, but contained a clause stipulating that, if the insured should contract Bright's disease, the insurance company would pay indemnity for not exceeding one month, such limitation *held* a part of the contract and binding on the beneficiary's representatives.

Appeal from Hunt County Court; N. E. Peak, Judge.

Suit by Meady Dillingham and another against the Federal Casualty Company. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

James & Evans, of Greenville, for appellant.

JONES, C. J. Appellees, Meady Dillingham, and her minor daughter, Irene Dillingham, as the only heirs at law of Willie Boyd Dillingham, deceased, brought suit in a justice court in Hunt county to recover on a sick benefit insurance policy issued by appellant, the Federal Casualty Company, to decedent. A recovery was had in the justice court and an appeal perfected by appellant to the county court. In the trial in the county court a judgment was rendered against appellant in the sum of $143.50, being a few dollars less than the judgment rendered in the justice court.

The undisputed evidence shows that decedent, about a year after the issuance of the policy, contracted Bright's disease, and that from the 11th day of September, 1925, until his death, on the 24th day of November, 1925, he was wholly disabled from performing any work of whatever nature. The undisputed evidence further shows that from the 24th of July, 1925, until said 11th day of September, he was partially disabled from performing labor.

The policy provided for payment of $60 per month in case of total disability from sickness, but contained a clause stipulating that, if the insured should contract Bright's disease, or certain other enumerated diseases, the insurance company would pay illness indemnity for not exceeding one month. The judgment of the trial court allowed indemnity for the entire time of the total disability, ignoring this provision of the policy, and appellant has assigned error on this action, on the ground that the recovery could not exceed the $60 limitation in the policy.

This assignment of error must be sustained.

The limitation in reference to an insured suffering from Bright's disease is a part of the contract of insurance and is binding on appellees. The judgment must be reversed and here rendered in conformity to the written contract between appellant and decedent, and therefore the judgment of the lower court is reversed and judgment here entered for the sum of $60, together with 6 per cent. interest from the 11th day of October, 1925, the date of the expiration of the first month of total disability, to this day.

Judgment of the lower court reversed, and the cause here rendered in favor of appellees for the amount above stated.