## AMERICAN CASUALTY & LIFE CO. v. BUTLER.

### No. 12006.

Court of Civil Appeals of Texas. Galveston.
Nov. 18, 1948.

Rehearing Denied Dec. 9, 1948.

John C. Ridley, of Houston, and Chaney & Davenport, of Dallas, both for appellant.

Carl F. Hendrix and Thos. M. Phillips, both of Houston (Baker, Botts, Andrews & Parish, of Houston, of counsel), for appellee.

CODY, Justice.

This is an action to recover sick benefits on a health and accident insurance policy which was issued by appellant insurance company on August 20, 1945, to appellee's father, as the insured. Appellee was the sole heir of his father, and sole beneficiary under the policy, and his petition alleged that the insured suffered total disability to perform any duty pertaining to his occupation, which disability began about October 15, 1945, and appellee further alleged that such disability resulted solely from cancer of the bronchus and lung, and that said total disability continued until the insured's death, which occurred on August 19, 1946.

Appellant by its answer affirmatively pled, as avoiding liability by the terms of the policy, among other things: (a) That the insured's disability resulted from heart trouble which had its beginning less than six months from the date of the policy. (b) That the cause of illness which produced the insured's disability had its beginning within the 30 days waiting period and by the terms of the policy was excluded. (c) That appellee failed to give written notice of insured's sickness within ten days after the commencement of insured's disability, and that such notice was by the terms of the policy, a condition precedent to appellant's liability thereunder. (d) That the policy required that appellant be furnished with a physician's statement of the insured's condition at the end of each thirty days disability, and that such statements were furnished to appellant only as of December 1, 1945, and March 9, 1946.

At the conclusion of the trial, which was before a jury, both parties moved for a directed verdict. The court granted appellee's motion, and judgment was accordingly rendered for appellee.—It should be stated in this connection that appellant's evidence was confined to proof that it was a mutual insurance company and not liable for statutory penalties and attorney's fees for refusal to pay appellee's claim.

Appellant has predicated its appeal on five points. For the sake of brevity we have edited said points, and reduced them to the following three points.

I. That the undisputed evidence established that the insured was suffering from heart trouble and high blood pressure, and that his disability, at least in part, resulted therefrom, and disability from said cause was excluded by the terms of the policy.

II. That the undisputed evidence established that no written notice of the insured's disability within ten days of its beginning was given appellant as required by the policy, and also the medical reports at intervals of thirty days were not furnished appellant as required.

III. That appellee's evidence was insufficient to compel a jury finding that assured's cancer and resulting disability did not originate within 30 days of the date of the policy. That is, appellee's evidence was insufficient to affirmatively establish that the disability was not within a clause which excluded coverage.

We overrule appellant's first point, and find that the evidence was sufficient to compel the conclusion that the insured's total disability resulted from cancer.

The policy contained these provisions, which are pertinent to the first point:

"This policy provides indemnity * * * for loss of time resulting from sickness, to the extent herein provided."

"(3) Total Disability Sickness. If such sickness shall necessarily cause total disability and total loss of time and prevent the insured from performing every duty pertaining to any business of occupation, the Company will pay for the period of such disability beginning with the first day of disability at the rate of $100.00 per month but not to exceed a total of thirty months."

The policy contains this exclusion:

"4. Any disability resulting wholly or partly from tuberculosis, heart trouble or high blood pressure, shall be covered only if the disease originates more than six months after the date of this policy, or the date of any reinstatement after lapse thereof."

The non-medical evidence showed that the insured was a man 60 years of age, and that he had had regular and steady employment as a salesman for from 12 to 16 years before his disability began on or about October 15, 1945. That he had been active and interested in recreation, taking long walks, and otherwise leading a normal life, and that he suffered from no visible ailments, and had had no occasion to consult a doctor for many years. On October 15, 1945, he became ill and confined to the bed for the greater part of the day, and remained disabled to work at his occupation until his death which occurred on August 19, 1946.

He consulted Dr. Frachtman, a specialist in internal medicine, including diseases of the heart, lungs and stomach, on November 8, 1945. From the history which the insured gave Dr. Frachtman, and from a physical examination, Dr. Frachtman first diagnosed the insured's trouble as heart disease, high blood pressure and hardening of the arteries, and treated him therefor, and the insured favorably responded to the treatment. But on November 23, 1945, the doctor decided there was to much fluid in the chest to be accounted for on the basis of heart trouble, and on removing the fluid found blood in it, and suspected a cancer condition. On December 14, 1945, the laboratory reported the presence of cancer cells in the fluid specimen. And it was definitely determined that the insured had a cancer of the bronchus and lung, and that it had been caught in as early a stage as it could be recognized and diagnosed. The insured's heart condition would have prevented surgery. But in the type of cancer from which the insured suffered, surgical treatment was not indicated, for the cancerous condition could not be eradicated. Had the insured been suffering from the heart disease and hardening of the arteries alone, treatment would have restored him from disability to work at his occupation. A fair summary of Dr. Frachtman's testimony, given upon the trial, may be stated in language he used in his letter of May 10, 1946. "In my opinion the cause of Mr. Butler's disability is the cancer of the bronchus and lung. The hypertensive cardio-vascular disease is considered to be a minor and secondary finding in the presence of a proven malignancy of the bronchus and lung. Furthermore, it is felt that the primary disease, namely the cancer of the bronchus and lung, directly exerted an unfavorable influence on the hypertensive cardio-vascular disease." On the trial he testified that he considered the cancer as part of the influence of the heart condition; that in this case the cancer contributed to aggravate the existing heart disease; that hardening of the arteries is of slow development. The following question was asked him, which he answered as indicated. Q. "Would you say that the heart condition you found on November 8, 1945 (when he first saw the insured) was acute or of a chronic condition?" A. "Chronic." He also volunteered when questioned by the court, "I feel that he (the insured) could have returned to work after the heart disease and high blood pressure had gotten better."

From the foregoing evidence it is clearly established that the insured suffered from total disability at all times from October

15, 1945, until his death on August 19, 1946. (By way of parenthesis, it should be stated that the immediate cause of death was neither the heart condition, nor the cancer.) To all appearances, and in the normally accepted sense of the word, the insured was of sound health up until October 15, 1945. But his heart condition was chronic, and the hardening of his arteries was of slow development, so that, scientifically or medically speaking, he was not free of disease when he obtained his insurance. While no such evidence has been pointed out in the briefs of the parties, the inference is that a medical examination would have disclosed the insured's condition at the time he obtained the policy. But the policy did not require that the insured be free of heart disease. It merely excluded, in this connection, from coverage "Any disability resulting wholly or partly from * * * heart trouble or high blood pressure" unless such disease originated more than six months after the date of the policy.

■ Since the appellant company specifically pled the exclusion, the burden was on the appellee to prove that the total disability, insured against by the policy, did not wholly or partly result from the heart condition. The medical testimony established that, but for the cancer, the insured would not have been incapacitated to perform the duties of his employment, and that if the unfavorable influence of the cancer could have been eradicated, that the heart condition which it had aggravated would have improved, and that the insured could have returned to work. "Seldom does one have a serious physical ailment not complicated by other diseases or physical disturbances; and if proof of a pre-existing disease, or of some concurrent ailment, would prevent recovery for disability caused solely by another disease flowing therefrom and a consequence thereof, for and during the period when the last disease was the sole then existing cause of the disability of the claimant, a policy insuring one against certain specific diseases would be worse than valueless." National Life Ins. Co. v. Bean, 15 Ga.App. 661, 84 S.E. 152, 153.

■ To all appearances, then, from the viewpoint of a layman, the insured was a healthy man until his total disability began on October 15, 1945. The medical evidence shows that the heart condition was chronic. Yet, until it became aggravated by the disabling cancer condition, the insured suffered no disability from it. Could the cancer condition have been removed, the disability caused by it would have been removed. In a word, the medical testimony was that the cancer was sufficient to have produced the total disability insured against, independently of all other causes. So, it was established without dispute that cancer was the real or proximate cause of the disability.

Appellant relies for reversal under this point on these cases: Imperial Life Ins. Co. v. Thornton,' Tex.Civ.App., 138 S.W.2d 295; American Ins. Co. of City of Newark, N. J., v. Maddox, Tex.Civ.App., 60 S.W.2d 1074; Amicable Life Ins. Co. v. O'Reilly, Tex.Civ.App., 97 S.W.2d 246; Continental Life Ins. Co. v. Johnson, Tex.Civ.App., 248 S.W. 88; and as being particularly in point, it relies on Federal Casualty Co. v. Dillingham, Tex.Civ.App., 298 S.W. 443. We do not regard the cases as being in point. In the last cited case, the policy provided for the payment of $60.00 a month in the case of total disability from sickness, but stipulated that if the insured should contract Bright's disease, the company would pay sickness indemnity for not exceeding one month. The insured did contract Bright's disease, and, notwithstanding such provision of the policy, the trial court allowed recovery for the entire time of the total disability. Upon appeal the judgment was very properly reversed. Under the policy in that case, if the insured contracted Bright's disease, the sickness benefit was limited to one month, whether or not it contributed to or caused the total disability. Thus, it is not here in point.

We come now to appellant's points, designated by us as its second point, under which it contends that the insured failed to comply with the policy provisions requiring written notice of illness within ten days of the commencement of disability, and requiring that a medical report be furnished appellant at the end of each thirty days disability.

A provision of the policy provides that written notice of sickness on which a claim may be based must be given within ten

days of the commencement of disability therefrom. The succeeding paragraph provides that failure to give such notice shall not invalidate any claim if it be shown not to have been reasonably possible to give such notice, and that such was given as soon as reasonably possible. The succeeding paragraph of the same section of the policy being Paragraph "6", places a duty on appellant to furnish proof of loss forms upon receipt of such notice, and the next paragraph provides for the filing of proof of loss within 91 days after the termination of disability. It is further provided that if the insured is disabled for a period of more than thirty days, the insured or his representatives must furnish appellant, at the end of each thirty days thereafter, affirmative proof of the continuance of such sickness, together with a report from the attending doctor. Another provision of the policy provides that full compliance on the part of the insured and the beneficiary with all provisions of the policy shall be a condition precedent to any claim thereunder.

The appellant's plea of failure to give the notice of the sickness within ten days, and of failure to furnish the doctor's report, is set out above.

The evidence showed that the insured obtained a form from appellant upon which to make formal proof of loss, and that on December 4, 1945, he executed said form, which is designated by appellant "Claimant's Final Statement of Disability to American Casualty and Life Company". The same was received by appellant at its home office, Dallas, Texas, on December 7, 1945. This proof showed that the insured became disabled on October 15, 1945. Thus, within ninety days from the beginning of the disability, the insured filed written notice with appellant. Then, on April 25, 1946, appellant wrote to the insured as follows:

"Dear Sir: We are in receipt of completed proofs in your recent claim for benefits under policy No. 1307 M.

"The proofs show that on Oct. 15th, 1945, the physician diagnosed your case as cardiac decompensation, among other things which is heart trouble. The policy pro-vides any disability resulting wholly or partly from heart trouble is covered only if the disease originates more than six months after the date of the policy, therefore, this claim is not covered and cannot be allowed.

"We enclose our draft in the amount of $58.00 covering refund of all premiums paid. Kindly attach the policy to the draft before presenting to the bank for collection."

The foregoing letter expressly denied liability on the specific ground that the assured had heart trouble. No objection was made to the introduction of said letter in evidence by appellant when appellee offered it.

█ It is clear that the requirement of the notice and medical reports are binding upon the insured unless, by statute, such provisions are made void, or unless appellant has waived compliance. It is appellee's contention that, with respect to requirement of the ten days notice at least, R.C.S.Art. 5546, makes such provision void. Whereas it is appellant's contention that the provision of the contract, requiring the ten days notice of disability is not a provision requiring a notice of a claim for damages denounced as void by Art. 5546, which reads:

"No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. Any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void, and when any such notice is required, the same may be given to the nearest or to any other convenient local agent of the company requiring the same. * * * In any suit brought under this and the preceding article it shall be presumed that notice has been given unless the want of notice is especially pleaded under oath."

█ It is appellant's contention that notice of disability, required by the terms of the policy within ten days, is not a stipulation requiring notice to be given of a *claim for damages* as a condition precedent

to the right to sue thereon, within the purview of Art. 5546. In support of its contention, appellant cites Lone Star Finance Co. v. Universal Automobile Ins. Co., Tex: Civ.App., 28 S.W.2d 573, where the policy insured against theft of an automobile and required (a) notice of theft of an automobile and (b) proof of loss showing the amount of damages sustained and amount claimed. It was there held that notice of theft was not a notice of a claim for damages within Art. 5546. Appellee contends that it is settled that the requirement in health and accident policies of written notice within ten days of the commencement of disability is void under Art. 5546, citing among other, these cases: Royal Casualty Co. v. Nelson, Tex.Civ.App., 153 S.W. 674; Business Men's Accident Ass'n of America v. Arrington, Tex.Civ.App., 7 S.W.2d 157; and see Missouri State Life Ins. Co. v. LeFevre, Tex.Civ.App., 10 S.W.2d 267. Appellee did not except to appellant's failure to verify its pleadings, hence may not claim that, by appellant's defective plea, notice will be presumed by Art. 5546, Rule 90, Texas Rules of Civil Procedure. However that may be, it seems to be settled that the requirement in health and accident policies as to medical reports at the end of thirty day periods is not invalid under Art. 5546. Burns v. American Nat. Ins. Co., Tex.Com.App., 280 S.W. 762; Benefit Ass'n of Ry. Employees v. Dover, Tex.Civ. App., 167 S.W.2d 1047.

■ But it must be held that appellant, by its letter denying liability, quoted above, has waived any matter of written ten days notice, or of the 30 day medical reports. The insured's disability was long continued. Had the insured been notified that his claim was rejected because of his failure to give the written ten days notice, or failure to give the doctor's report at the end of each 30 days, and had he not been notified that his claim was rejected because of a heart condition, then he could at any time have given the required written notice. And he could at any time thereafter have supplied any omission as to medical reports. And, had he given such notice and medical reports, we see no reason why, with reference to subsequent disability he could not have recovered. But be that as it may, appellant denied liability upon the ground that the disability from which the insured suffered was not a disability insured against, but one which was excluded from insurance, and this indicated a waiver of other defense, if any. "The rule is unquestioned in this state that where the insurance company denies liability under the terms of the policy, a compliance with the policy to furnish proofs of loss is waived and a recovery may be had thereon without furnishing such proofs, * * *". 24 Tex.Jur. 1111. Appellant knew when it denied liability that, in the circumstances of this case, such notice and such reports were technicalities, and were curable, at least as to future disability and reports, and chose to stand upon a ground which, if tenable, would prevent all recovery. See Sanders v. Aetna Life Ins. Co., Tex.Sup., 205 S.W.2d 43, at page 45, 173 A.L.R. 968.

It is true that such waiver was not pled. But appellant interposed no objection to the introduction of the letter on the ground that there were no pleadings to support it. A trial amendment could have cured such defect. See Rule 67, T.R.C.P.—We overrule appellant's contention embraced in the point we have designated appellant's second point.

■ We overrule appellant's point, designated by us as its point 3, to the effect that appellee's evidence was not sufficient to compel a jury finding that the insured's cancer and resultant disability originated more than thirty days after August 20, the date of the policy.—We overrule the point.

The insuring clause of the policy reads "* * * and against disability on account of disease, the cause of which originates more than thirty days after the date hereof, * * *, subject however to all the provisions and limitations hereinafter contained."

■ The appellee proved by a brother and sister of his father, that the insured had been in good health for years, and appeared in excellent health on August 20, 1945, when the policy was issued, and that he continued in good health until October 15, 1945. Miss Butler testified that she didn't think her brother even had a cold between August 20, 1945, and October 15,

1945, that he did not stay at home for anything. The fact that these witnesses were kin to the insured did make them interested witnesses within the rule that the testimony of an interested witness, such as a party to a suit, though not contradicted, does no more than raise a fact issue to be determined by the jury. See Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 191, 166 S.W.2d 904. Of course the common law rule, until it was abrogated by R.C.S. Art. 3714, was that a party who was financially interested in the issue to be tried was incompetent to testify.

In American Casualty & Life Co. v. Gueringer, Tex.Civ.App., 205 S.W.2d 423, 426, the court had before it an insurance clause substantially identical with the insurance clause under consideration. The court there said: That the clause must be given a common sense construction. That the parties must be taken to have intended to enter into an enforcible insurance contract. That the parties could not have intended to exclude all diseases which may at some later date develop into a lethal force and cause serious illness and death. That, "We therefore conclude that the word 'beginning' as used in the phrase, 'which (sickness) had its beginning,' has reference to an illness or medically recognized disease and not merely to a condition which might in the future give rise to a disease."

 "It is frequently provided that the policy shall not cover diseases contracted before the policy has been in force a certain length of time, thirty or sixty days, for example, and in such event any disorder of long standing has been considered not to be covered. If the disease first manifests itself after such time, however, it has been held covered notwithstanding the medical cause thereof may have existed prior thereto." Appleman on Insurance Law and Practice, § 406. See also Milan v. Norwich Union Ind. Co., 107 W.Va. 574, 149 S.E. 668; Cohen v. North American Life & Casualty Co., 150 Minn. 507, 185 N.W. 939; National Casualty Co. v. Hudson, 32 Ala.App. 69, 21 So.2d 568.

Though the medical evidence was to the effect that the insured had heart trouble and blood pressure in a chronic form, it showed that the cause of the total disability was cancer, and that without the cancer, the insured would not have suffered disability except in a medical or scientific sense. That is, it would not have interfered with his employment or leading a normal life.

The judgment of the trial court is affirmed.