### COLLINS v. AMERICAN CASUALTY & LIFE CO.
### No. 12170.

Court of Civil Appeals of Texas. Galveston.

Feb. 16, 1950.

Thos. H. Dent, of Galveston, for appellant.

Wigley, McLeod, Mills & Shirley, of Galveston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the County Court of Galveston County, entered, October 10th of 1949, reinstating a prior judgment between the same parties and to the same purport, and granting the appellant a final recovery against the appellee of $31.50, with interest thereon from the 28th day of January, 1949, as the balance due him as sick-benefits for the period from March 28, 1947, to and through August 15, 1947, under a health and accident insurance policy the appellee had issued to him as far back as December 2nd of 1940, and which had remained effective between the parties continuously from its original date.

In support of the appealed-from judgment now at bar, the court filed findings-of-fact and conclusions-of-law, the most material provisions of which were these:

Findings-of-Fact

" * * *

5. "That on the 28th day of March, 1947, plaintiff (appellant) became incapacitated from work and suffered total disability and was so incapacitated and disabled from said date through the 15th day of August, 1947.

6. "That plaintiff's incapacity to work and total disability was due directly to the diseased heart condition, hypertension, and arteriosclerosis with which he was afflicted, and from which he was suffering, on the 28th day of March, 1947, and at all times from said date to and including the 15th day of August, 1947.

7. "That the maximum indemnities provided by the said policy of insurance are set forth in Section C thereof, which are as follows:

" 'Section C—Maximum Indemnities. Sickness indemnity per day $3.00 accident indemnity per day $3.'

" * * *

10. "That on the 22nd day of May, 1947, defendant paid to plaintiff, and plaintiff accepted from defendant, the sum of $13.50 in partial payment of the benefits due plaintiff by defendant under the policy of insurance herein involved.

11. "That on the 9th day of November, 1948, defendant tendered into the registry of this court the sum of $31.50 for the benefit of plaintiff, as full and complete satisfaction of all benefits due plaintiff under this insurance policy.

"Conclusions-of-Law

1. "The insurance policy herein involved does not provide, nor purport to provide, the maximum sickness and/or accident benefits for all injuries and/or sickness.

2. "This policy of insurance expressly excludes from maximum coverage and maximum benefits disability resulting from heart diseases and high blood pressure (hypertension), and. limits the benefits payable for disability resulting from said named conditions to one-half of the maximum benefits payable under Section C of the policy for a period of not exceeding 30 days.

3. "Plaintiff is entitled to total benefits for the disability herein involved of $45.-00."

In inveighing here against such judgment, appellant claims, as he did in the trial court, "$3 per day as sick-benefits, for a period of 120 days, making a total of $360," his three Points-of-Error being, in substance, these:

"The Court Erred: (1) by assuming that the provisions of the policy * * * reading, 'that in order to establish total disability,' the insured should be continuously confined within doors, not leaving at anytime for any purpose, and should be wholly prevented from attending to any and every kind of work or business, precluded the plaintiff from recovering, because such provision * * * is an attempt to prescribe a rule of evidence, and * * * is void as against public policy;

"(2) * * * by misconstruing the phrase, 'continuously confined within doors,' because such does not necessarily mean a constant literal restraint within the house; and an occasional visit to the hospital for treatment would not necessarily mean that the plaintiff was not at such times confined within doors as contemplated by the policy; * * *

"(3) where the provision in a policy excepts from maximum coverage nineteen diseases, two of which, heart disease and hypertension, the insured suffers with, and he also suffers with arteriosclerosis, a disease not excepted, the insured is entitled to sick-benefits for arteriosclerosis."

In the state of the record, none of these contentions can be sustained, since they rest upon assumptions of fact that the record does not support; to the contrary, as the recited findings-of-fact and conclusions-of-law indicate, the policy sued upon contained two separate and distinct limitations on the liability of the Insurance Company, which, in substance, were these:

(1) If appellant called at the office of his physician for treatment during the period of claimed disability, such claimed disability would be considered as of no greater severity than non-confining sickness, or partial disability;

(2) If appellant suffered disability due directly, or indirectly, or contributed to by, certain named diseases, or bodily infirmities, the indemnity under the contract would be no more than 50 per cent of the maximum daily indemnity for a period not to exceed 30 days. The indemnity under both limitations would be, in dollars and cents, the same, i. e., $45.

Moreover, the trial court's stated findings-of-fact have been in nowise attacked on the appeal, nor have its conclusions-of-law, on the basis thereof, been in anywise successfully controverted.

On the other hand, these, among many other authorities that might be cited, fully support such conclusions: Vol. 3 A Tex. Jur., pages 486, et seq., sections 391 and 392; Pakan v. Pinkston, Tex.Civ.App., 205 S.W. 2d 650, nonwrit of error record; Vol. 1 of Appleman's Insurance Law and Practice,

248

§ 407; Vol. 24, Tex.Jur., Insurance, section 262; Imperial Life Ins. Co. v. Thornton, Tex.Civ.App., 138 S.W.2d 295, writ dismissed; Continental Life Ins. Co. v. Johnson, Tex.Civ.App., 248 S.W. 88, no writ of error record; Federal Casualty Co. v. Dillingham, Tex.Civ.App., 298 S.W. 443, no writ of error record; and Alamo Health, etc., Ins. Co. v. Cardwell, Tex.Civ.App., 67 S.W.2d 337, writ dismissed.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.